Before State Industrial Board, Respondent.

In the Matter of the Claim of Herbert W. Vaughn and Ernestina Vaughn, Respondents, for Compensation under the Workmen's Compensation Law, for the Death of Their Father, Charles W. Vaughn, *v.* Buena Vista Oil Company, Employer, and Ætna Life Insurance Company, Insurance Carrier, Appellants.

Third Department, March 8, 1922.

**Workmen's Compensation Law — increased compensation allowed child under § 16, subd. 2, upon death of widow of deceased employee within two years after remarriage and receipt of two years' compensation in one sum.**

Under subdivision 2 of section 16 of the Workmen's Compensation Law, a surviving child of a deceased employee who is under eighteen years of age, is entitled at the time of the death of the surviving wife of such employee, to have his compensation increased to fifteen per centum of the average wages of such employee, although the death of the widow occurred within two years after her remarriage and the receipt of two years' compensation in one sum.

Appeal by the defendants, Buena Vista Oil Company and another, from a decision and award of the State Industrial Board, entered in the office of said Board on the 16th day of April, 1921.

*William H. Foster,* for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Cochrane, P. J.:

The deceased employee lost his life November 27, 1919. An award of thirty per cent of his average wages was made to Maude Vaughn, his widow, and of ten per cent to each of their two minor children. On June 30, 1920, the widow remarried. On September 19, 1920, she died. On her remarriage under the statute (Workmen's Compensation Law, § 16, subd. 2, as amd. by Laws of 1916, chap. 622) she became entitled to " two years' compensation in one sum." The same statute further provides:

" In case of the subsequent death of such surviving wife (or dependent husband) any surviving child of the deceased employee, at the time under eighteen years of age, shall have his compensation increased to fifteen per centum of such wages." The award appealed from makes such increase to the two children effective from the death of their mother. The appellants contend that the mother on her remarriage having received two years' compensation in advance or having become entitled to the same the increased compensation to the children should not be made effective until the expiration of such two years. The statute does not say so. Its plain reading is that the increase begins " *at the time* " of the " subsequent death of such surviving wife." It is true that in a case like this where the widow dies within two years after her remarriage there is a period during which the increased percentage is being paid to the children as well as the full thirty per cent to the widow. But the statute limits the extent of liability by providing " that the total amount payable shall in no case exceed sixty-six and two-thirds per centum of such wages." On the other hand in the much more numerous cases where the remarried widow outlives the two-year period the employers are essentially benefited because the payment of thirty per cent to the widow then ceases and the employer is only required to make an additional payment which cannot exceed fifteen per cent to each child. The statute is rather awkwardly constructed but I think its purpose is reasonably plain and that no other interpretation can be placed thereon in respect to the question now under consideration without doing violence to its phraseology.

The award should be affirmed, with costs.

Award unanimously affirmed, with costs.