Before STATE INDUSTRIAL BOARD, Respondent.

FANNY SNOW, Respondent, *v.* UNITED STATES RAILROAD ADMINISTRATION and Another, Appellants.

Third Department, May 8, 1924.

Workmen's compensation — claimant, railroad employee, was injured in June, 1918, and died as result thereof in July, 1922 — award of death benefits cannot be made against United States Railroad Administration — Transportation Act, § 206, subd. d, does not authorize award.

An award of death benefits based on the death of claimant's husband who was injured while in the employ of a railroad company in June, 1918, and who died as the result thereof in July, 1922, cannot be made against the United States Railroad Administration. Subdivision d of section 206 of the Transportation Act, which provides that actions, suits, proceedings and reparation claims of the character described in the act pending at the termination of Federal control shall not abate by reason of such termination, does not authorize proceedings under the Workmen's Compensation Law of this State against the United States Railroad Administration, since the actions referred to therein are actions at law, suits in equity and proceedings in admiralty, and furthermore, no proceeding was pending at the termination of Federal control on March 1, 1920, for the right to death benefits did not accrue until the death of claimant's husband in July, 1922.

APPEAL by the defendants, United States Railroad Administration and another, from an award of the State Industrial Board, made on the 2d day of March, 1923.

Charles H. Snow, a former employee of the New York Central Railroad Company, died July 29, 1922, as the result of injuries sustained by him arising out of and in the course of his employment on June 8, 1918. The New York Central Railroad on the latter date was being operated by the Federal government under the Federal Control Act (Act of Congress, approved March 21, 1918, chap. 25).

On March 1, 1919, the Director-General of Railroads and the injured employee made an agreement for compensation under section 20 as it then existed of the Workmen's Compensation Law of this State which was approved by the State Industrial Commission March 12, 1919, and under such agreement and approval compensation was paid to said employee until the time of his death. Thereafter and on August 5, 1922, the claimant herein, the widow of said deceased employee, filed a claim for death benefits on behalf of herself and her infant child against this appellant and an award having been made on such claim an appeal therefrom comes to this court.

*Visscher, Whalen, Loucks & Murphy [Robert E. Whalen* of counsel], for the appellants.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

Obviously a State Workmen's Compensation Law is ineffectual against the Federal government without the consent of Congress. We are referred to no congressional enactment giving such consent except section 206 (d) of the Transportation Act (Act of Congress, approved February 28, 1920, chap. 91), which reads as follows: " Actions, suits, proceedings, and reparation claims, of the character above described  pending at the termination of Federal control shall not abate by reason of such termination, but may be prosecuted to final judgment, substituting the agent designated by the President under subdivision (a)." The contention that this provision of the statute authorizes this proceeding is untenable for two reasons:

*First.* The words " actions, suits, proceedings " in said subdivision (d) are therein stated to be " of the character above described " and they are described in subdivision (a) of said section 206 as follows:  " Actions at law, suits in equity and proceedings in admiralty."  Clearly this description does not include proceedings under the Workmen's Compensation Law of this State.

*Second.* This proceeding was not " pending at the termination of Federal control " as specified in the statute as quoted. Federal control terminated March 1, 1920. The Attorney-General contends that the claim was then pending by virtue of the agreement of the Director-General of Railroads and the employee approved by the Commission for the payment of compensation. A proceeding under a claim for death benefits is not the same as a proceeding for compensation made by an employee who survives his injury but subsequently dies therefrom. The claims are made by different parties. Death benefits are awarded in different amounts and on

different principles than compensation to an injured employee. Different evidence is required in the two proceedings. And it is well settled that the claim for death benefits depends in no respect on the claim of the injured employee who receives compensation for his injuries and subsequently dies therefrom. (*Matter of Lutz* v. *Huffman & Co.*, 231 N. Y. 622; *Matter of Terry* v. *General Electric Co.*, 232 id. 120; *Solomone* v. *Degnon Contracting Co.*, 194 App. Div. 50; *Hill* v. *Ancram Paper Mills*, 202 id. 36, 39; *Wozneak* v. *Buffalo Gas Co.*, 175 id. 268; *Matter of Casmey* v. *Parks' Sons Co., Inc.*, 229 N. Y. 623.)

The claimant is in no worse state than she would be if the Workmen's Compensation Law had not been enacted. The employee died July 29, 1922, more than two years after the enactment of the Transportation Act of 1920, and subdivision (a) of section 206 of that Act (*supra*) provides that: " Actions at law, * * * based on causes of action arising out of the possession, use, or operation " of the railroad under the Federal Control Act may not be brought " later than two years from the date of the passage of " said Transportation Act of 1920. Therefore, independently of the Workmen's Compensation Law no action could have been maintained for the benefit of the claimant and her child after the death of her husband.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.