THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* J. PARK LEWIS et al., Constituting the Board of Trustees of the New York State School for the Blind, Appellants.

*Charitable institutions — State visitation and inspection — authority of State Board of Charities to require monthly written reports.*

People v. Lewis, 203 App. Div. 395, affirmed.
(Argued October 2, 1924; decided October 21, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 28, 1922, which unanimously affirmed an order of Special Term granting a motion for a peremptory order of mandamus to compel the defendants to make monthly written reports to the State Board of Charities of the condition of the institution, the visits and inspections made by the board of trustees, their attendance at meetings and the minutes thereof.

*John Knight* for appellants.

*Carl Sherman*, Attorney-General (*Edward G. Griffin* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Claim of FANNY SNOW against THE UNITED STATES RAILROAD ADMINISTRATION (THE NEW YORK CENTRAL RAILROAD COMPANY), Respondent.

STATE INDUSTRIAL BOARD, Appellant.

*Workmen's compensation — when claim against Federal government for death of railroad employee properly dismissed.*

Snow v. U. S. R. R. Administration, 209 App. Div. 308, affirmed.
(Argued October 2, 1924; decided October 21, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 4, 1924, which reversed an award of the State Industrial Board, made under the Workmen's Compensation Law, and dismissed the claim. It was alleged that

claimant's husband died July 29, 1922, as the result of injuries sustained in the course. of his employment as engine inspector on the New York Central railroad on June 8, 1918. Said railroad on the latter date was being operated by the Federal government under the Federal Control Act. On March 1, 1919, the Director-General of Railroads and the injured employee made an agreement for compensation under section 20, as it then existed, of the Workmen's Compensation Law of this State which was approved by the State Industrial Commission March 12, 1919, and under such agreement and approval compensation was paid to said employee until the time of his death. Thereafter the claimant herein, the widow of said deceased employee, filed a claim for death benefits on behalf of herself and her infant child. The Appellate Division dismissed the claim on the ground that there was no congressional authority for the proceeding.

*Carl Sherman,* Attorney-General (*E. C. Aiken* of counsel), for appellant.

*Robert E. Whalen* for respondent.

Order affirmed, with costs against State Industrial Board; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, ANDREWS and LEHMAN, JJ. Dissenting: POUND and CRANE, JJ.

---

In the Matter of the Claim of EMIL A. FREITAG, Respondent, against AMERICAN RAILWAY EXPRESS COMPANY, Appellant.

*Workmen's compensation — express messenger injured through jumping from train — when injury rose out of and in course of employment.*

*Freitag* v. *American Railway Express Co.,* 209 App. Div. 233, affirmed.

(Argued October 3, 1924; decided October 21, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 29, 1924, which affirmed an award of the State Industrial Board, made under the Workmen's Compen-

34