Before STATE INDUSTRIAL BOARD, Respondent.

AMANDA DONOHO, Respondent, v. ATLANTIC BASIN IRON WORKS and Another, Appellants.

Third Department, November 13, 1924.

Workmen's compensation — funeral expenses are included in " compensation " under Workmen's Compensation Law, § 2, subd. 6, and are death benefits under § 16, subd. 1 — Laws of 1923, chap. 566, increasing funeral expenses, applies where accident happened before but death occurred after statute took effect.

Funeral expenses are included within the term " compensation " under subdivision 6 of section 2 of the Workmen's Compensation Law and they are death benefits under subdivision 1 of section 16 of the statute.

The right to death benefits does not exist until the death of the injured employee, on which event the right springs into existence as an original independent right, and, therefore, chapter 566 of the Laws of 1923, increasing the amount that may be allowed for funeral expenses, is applicable where the accident happened prior to the time the statute took effect but the death resulting from the accident occurred thereafter.

APPEAL by the defendants, Atlantic Basin Iron Works and another, from an award of the State Industrial Board made on the 27th day of November, 1923.

*T. Carlyle Jones* [*William H. Foster* of counsel], for the appellants.

*Carl Sherman,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the State Industrial Board.

Van Kirk, J.:

The accident occurred May 14, 1923. The injured employee died May 30, 1923. At the time of the accident the amount which could be allowed for funeral expenses was $100. Between the date of the accident and the date of the death, by chapter 566 of the Laws of 1923 (amdg. Workmen's Compensation Law of 1922, § 16, subd. 1), which took effect May 21, 1923, this maximum sum was increased to $200. Appellants claim that the Industrial Board, in making the $200 award, gave this amendment a retroactive effect. We think the statute may not have retroactive effect (*Draper* v. *Draper & Sons, Inc.,* 201 App. Div. 770; *Mosher* v. *Carlton,* 207 id. 84); still we think the award should be sustained. Although funeral benefits are included within the term " compensation " (Workmen's Compensation Law of 1922, § 2, subd. 6), they are death benefits (Id. § 16, subd. 1). The right to them does not exist till the death of the injured employee, on which event the right springs into existence as an original independent right. (*Solomone* v. *Degnon Contracting Co.,* 194 App. Div. 50.) A proceeding to recover death benefits is not the same as a proceeding for compensation made by an employee who survives his injury. " It is well settled that the claim for death benefits depends in no respect on the claim of the injured employee who receives compensation for his injuries and subsequently dies therefrom." (*Snow* v. *U. S. Railroad Administration,* 209 App. Div. 308, 310.) Not until the death of the injured employee did the rights of the parties become fixed. The law which must control the compensation to be paid is that which was in effect at the time the right to the compensation springs into existence. In this case at that time the amendment of May 21, 1923, was in effect. The Industrial Board was justified in making the award.

It is true that it is provided in section 16, subdivision 5, of the Workmen's Compensation Law of 1922* that all questions of dependency shall be determined as of the time of the accident; but here there is no question of dependency. The right to recover funeral benefits or expenses does not at all rest upon dependency.

The award should, therefore, be affirmed, with costs to the State Industrial Board.

Award unanimously affirmed, with costs in favor of the State Industrial Board.

---

* Since amd. by Laws of 1924, chap. 319.— [Rep.