Before STATE INDUSTRIAL BOARD, Respondent.

CARRIE E. KING (now CLINE), Respondent, v. NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.

Third Department, July 1, 1925.

Workmen's compensation — award — employee was killed in 1917 — award to children on remarriage of mother — employee's seven children were, under Workmen's Compensation Law, § 16, subd. 2, as it existed at time of death of father, entitled to receive, on expiration of two-year compensation period following remarriage of mother, one-seventh of sixty-six and two-thirds per cent of father's wages — when one child reaches eighteen, other six are each entitled to ten per cent of father's wages.

The seven children of an employee, who was killed in 1917, all of whom were under eighteen years of age, were entitled, under subdivision 2 of section 16 of the Workmen's Compensation Law of 1914, as amended by chapter 622 of the Laws of 1916, as it existed at the time of the death of their father, to receive, after the expiration of the two-year period of compensation following the remarriage of their mother, one-seventh of sixty-six and two-thirds per cent of the father's wages.

When one child attains the age of eighteen years, the other six are each entitled to receive ten per cent of the father's wages until they become eighteen years of age.

APPEAL by the New York, Ontario and Western Railway Company from a corrected decision and award of the State Industrial Board, made on the 16th day of May, 1922.

C. L. Andrus, for the appellant.

Albert Ottinger, Attorney-General [E. C. Aiken, Deputy Attorney-General, of counsel], for the respondents.

VAN KIRK, J.:

John King, the deceased employee, was killed July 2, 1917, while in the course of his employment, leaving a widow and seven

minor children. The weekly wages of the deceased were fourteen dollars. An agreement for compensation was entered into between the widow on behalf of herself and her children and the employer, and compensation paid until March 5, 1922. It was then learned that the widow had remarried on April 1, 1919. The period of the " two years' compensation in one sum " allowed upon her remarriage expired April 1, 1921, at which date all the children were under eighteen years of age. The period of the award appealed from begins April 1, 1921, and the appeal raises the question whether or not at that time the amount of the award to each child was properly increased. The statute (Workmen's Compensation Law of 1914, § 16, subd. 2, as amd. by Laws of 1916, chap. 622, which took effect June 1, 1916) at the time of the death of the employee, so far as material, read as follows: " If there be a surviving wife (or dependent husband) and no child of the deceased under the age of eighteen years, to such wife (or dependent husband) thirty per centum of the average wages of the deceased during widowhood (or dependent widowerhood) with two years' compensation in one sum, upon remarriage; and if there be surviving child or children of the deceased under the age of eighteen years, the additional amount of ten per centum of such wages for each such child until of the age of eighteen years; in case of the subsequent death of such surviving wife (or dependent husband) any surviving child of the deceased employee, at the time under eighteen years of age, shall have his compensation increased to fifteen per centum of such wages, and the same shall be payable until he shall reach the age of eighteen years; provided that the total amount payable shall in no case exceed sixty-six and two-thirds per centum of such wages." Prior to April 1, 1921, the widow had been allowed thirty per cent of the wages. Since but sixty-six and two-thirds per cent of the wages could be awarded, each child was allowed one-seventh of thirty-six and two-thirds per cent thereof, being the percentage allowable after deducting thirty per cent awarded to the widow. But by the statute each child could be awarded ten per cent of the wages, provided the total sum of awards made did not exceed sixty-six and two-thirds per cent. The Industrial Board has held that, after the period of " two years' compensation in one sum," payable to the widow on remarriage, had expired, each child was entitled to one-seventh of sixty-six and two-thirds per centum of the wages — that is, to nine and eleven twenty-firsts per centum. The question whether the period of the award should begin at remarriage is not raised; the claimant has not appealed. But the question is raised whether each child is limited to his or her share of the thirty-six and two-thirds per centum

of the wages, which was the share each would receive prior to the remarriage of the widow.

It should be first observed that the increase to fifteen per centum of the wages for a child, provided for in this section, does not apply to this claim. At the time of the accident this increase to children could be had only in case of the " death " of the widow; the words " or remarriage " were inserted in the section by chapter 615 of the Laws of 1922 when the statute was revised. In any event, therefore, the limit to one of these children is ten per cent of the wages.

In our view the one limitation in this section upon the amount of awards is sixty-six and two-thirds per centum of the wages. The children have lost the support of their father; the award to them is to supply that loss. They could not be allowed at the time of the father's death to ten per centum, the amount estimated to be their share, because the mother survived and because of their number. Had the mother not survived they would each have received a larger amount; upon her remarriage she no longer was entitled to share. We think it was the intent of the Legislature that, when no share goes to the mother, the children should have their full share limited only to sixty-six and two-thirds per cent of the wages. The words " additional amount " in the statute should not be given undue force. We think these words have application to the times and occasions only when the widow is receiving thirty per cent. We do not think this construction is in conflict with our holding in *Vaughn* v. *Buena Vista Oil Co.* (200 App. Div. 184). The intent of the Legislature to give to children full consideration is evidenced by the provision for the increase from ten per cent to fifteen per cent of the wages upon the death or remarriage of the widow. In a case coming under that provision assume that there were three children and a widow; the children would get immediately ten per cent each, or thirty per cent of the wages, but upon her death or remarriage the three would get forty-five per cent of the wages, which is more than the thirty-six and two-thirds per cent above the widow's share.

In this case the amount awarded to each child remained the right amount until one child reached the age of eighteen years; thereafter each child became entitled to the full ten per cent until he or she arrived at the age of eighteen years.

At the time the award appealed from was made it was right. It should, therefore, be affirmed, with costs to the State Industrial Board.

Award unanimously affirmed, with costs to the State Industrial Board.