Before State Industrial Board, Respondent.

**Clara Carlin** and Others, Respondents, *v.* Lockport **Paper Company** and Another, Appellants.

Third Department, November 12, 1925.

**Workmen's compensation — death benefits — widow remarried and received remarriage award of thirty per cent — four children under eighteen years of age cannot receive award of ten per cent each until after expiration of remarriage award — under Workmen's Compensation Law, § 16, subd. 2, as amd. by Laws of 1916, chap. 622, total award cannot exceed sixty-six and two-thirds per cent.**

During the period of a widow's remarriage award, based on thirty per cent of her husband's average wages, an award cannot be made to each of four minor children who are under the age of eighteen years, on a basis of ten per cent of their father's average weekly wages, for the total award cannot under subdivision 2 of section 16 of the Workmen's Compensation Law, as amended by Laws of 1916, chapter 622, exceed sixty-six and two-thirds per cent. Therefore, during the period of the remarriage award, the award to each child must be limited to nine and one-sixth per cent.

Appeal by Lockport Paper Company and another from two awards of the State Industrial Board, made respectively on the 4th day of April, 1924, and on the 8th day of April, 1925.

*Hart & Senior* [*R. F. Nichols* and *A. G. Senior* of counsel], for the appellants.

*Albert Ottinger*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

Hinman, J.:

William Carlin met with an industrial accident on July 29, 1919, causing his death on that day. He was survived by a widow and four children under eighteen years of age. An award was made to them for death benefits on October 10, 1919, the award being in the aggregate sixty-six and two-thirds per centum of deceased's average wages, thirty per centum being awarded to the widow and nine and one-sixth per centum being awarded to each of the four children. On April 5, 1923, the widow remarried and on February 27, 1924, a remarriage award for two years' compensation in one sum was made to her. On April 4, 1924, an award was made increasing the rate of compensation to each child to ten per centum of the deceased father's average wages for the period beginning April 5, 1923, the date of the remarriage of their mother. The present appeal is taken from this award of April 4, 1924, and also from an award of April 8, 1925, by which it was affirmed.

The only question raised upon this appeal is as to whether the awards are contrary to the provision of subdivision 2 of section 16 of the Workmen's Compensation Law, as amended by Laws of 1916, chapter 622, which limits the total amount payable to sixty-six and two-thirds per centum of the average wages of the deceased. The death benefits, payable, are governed by the statute as it existed at the time of his death. (*Matter of Neglia* v. *Zimmerman*, 237 N. Y. 131; *Donoho* v. *Atlantic Basin Iron Works*, 210 App. Div. 535.) The statute in question, at the time of Mr. Carlin's death, so far as material read as follows: " If there be a surviving wife (or dependent husband) and no child of the deceased under the age of eighteen years, to such wife (or dependent husband) thirty per centum of the average wages of the deceased during widowhood (or dependent widowerhood) with two years' compensation in one sum, upon remarriage; and if there be surviving child or children of the deceased under the age of eighteen years, the additional amount of ten per centum of such wages for each such child until of the age of eighteen years; * * * provided that the total amount payable shall in no case exceed sixty-six and two-thirds per centum of such wages."

The effect of the awards, raising the death benefit payable to each of the four children to ten per centum at the time of the widow's remarriage, at which time she received a lump sum for two years' compensation at the rate of thirty per centum of deceased's average wages, was to make the total death benefits, payable for those two years, seventy per centum of deceased's average wages. The intention of the Legislature, expressed in the last clause of said subdivision 2 of section 16 of the Workmen's Compensation Law, was plainly to limit the total amount of awards to sixty-six and two-thirds per centum. (*King* v. *New York, Ontario & Western Railway Co.*, 213 App. Div. 509, 511; *Vaughn* v. *Buena Vista Oil Co.*, 200 id. 184.) The two years' compensation in one sum payable to the widow on remarriage is simply an advance payment in a lump sum and for the two years so covered must be considered in determining benefits to surviving children so as to keep the total benefits within the statutory limitation of sixty-six and two-thirds per centum. To hold otherwise would be to ignore in this case the proviso of the statute " that the total amount payable shall *in no case* exceed sixty-six and two-thirds per centum of such wages." This construction of the statute is not in conflict with our holding in *Vaughn* v. *Buena Vista Oil Co.* (200 App. Div. 184). In that case there were but two children and the total of the awards involved amounted to only sixty per centum of the deceased's average wages, including thirty per

centum to the widow who, having remarried, died within the two years and an increase to fifteen per centum to each of the two children at the time of her death. Neither is our holding in this case in conflict with that of *King* v. *New York, Ontario & Western Railway Co.* (213 App. Div. 509). In that case the increased awards to the children, seven in number, were made to take effect at the expiration of the two-year period after remarriage of the widow. The question there raised was " whether each child is limited to his or her share of the thirty-six and two-thirds per centum of the wages, which was the share each would receive prior to the remarriage of the widow." (Id. *supra,* p. 510.) We simply held that after the expiration of the two-year period following the remarriage of their mother, each of the seven children was entitled to one-seventh of sixty-six and two-thirds per centum of their father's wages.

The awards should be reversed and the matter should be remitted, with costs against the State Industrial Board, with directions to modify the awards so as to make the death benefit payable to each child nine and one-sixth per centum of the decedent's average wages from the 5th day of April, 1923, to the 5th day of April, 1925.

All concur.

Awards reversed and matter remitted, with costs against the State Industrial Board, with direction to modify the awards in accordance with the opinion.