Before STATE INDUSTRIAL BOARD, Respondent.

FRANCES KEE ZIEGLER and Another, Respondents, *v.* PICTORIAL REVIEW COMPANY, INCORPORATED, and Another, Appellants.

Third Department, May 5, 1926.

Workmen's compensation — award — remarriage lump sum award for two years and award to two children amounted to sixty per cent of average weekly wage — error under Workmen's Compensation Law, § 16, subd. 4, to award mother twenty-five per cent of average weekly wage — mother's award reduced to six and two-thirds per cent.

Where the State Industrial Board makes a lump sum remarriage award for two years on the basis of thirty per cent of the average weekly wage of a deceased employee, and also an award to each of two children at the rate of fifteen per cent of the average weekly wage, making a total of sixty per cent, it is error under subdivision 4 of section 16 of the Workmen's Compensation Law to award twenty-five per cent to the mother of the deceased employee, for the total amount of all awards cannot exceed sixty-six and two-thirds per cent, and, therefore, the mother's award must be reduced to six and two-thirds per cent of the average weekly wage of the deceased employee.

APPEAL by Pictorial Review Company, Incorporated, and another, from an award of the State Industrial Board, made on the 17th day of August, 1925.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

HINMAN, J.  The award appealed from is excessive, on the ground that for two years following the remarriage of the widow of a deceased workman, the amount of her lump sum award plus the increased percentages awarded to two dependent children and the mother of the deceased constitute an aggregate award of more than sixty-six and two-thirds per cent of deceased's average wages. James W. Kee, the deceased workman, died June 25, 1923.  An award was made of thirty per cent of his average weekly wages to his widow and ten per cent to each of two children and sixteen and two-thirds per cent to his dependent mother, making a total of sixty-six and two-thirds per cent.  The widow remarried and two years' compensation in one sum at the rate of thirty per cent was awarded to her.  The award to the two children was then increased to fifteen per cent to each and the award to the mother was increased to twenty-five per cent, making a total of eighty-five per cent for the two years following the widow's remarriage.

In *Carlin* v. *Lockport Paper Company* (214 App. Div. 354) we considered a somewhat similar case arising under subdivision 2 of section 16 of the Workmen's Compensation Law.  We held that the two years' compensation in one sum payable to the widow on remarriage is simply an advance payment in a lump sum and for the two years so covered must be considered in determining benefits to surviving children so as to keep the total benefits within the statutory limitation of sixty-six and two-thirds per cent.  The difference between the *Carlin* case and the present case is that in the *Carlin* case the dependents other than the widow were all children and the decision arose under subdivision 2 of section 16 of the Workmen's Compensation Law, while in the present case there are two children and a dependent mother, which requires us to consider subdivision 4 as well as subdivision 2 of that section. The award must be sustained as to the widow and the two children, because the total amount payable to them amounts to only sixty per cent of deceased's average wages.

Subdivision 4 of said section 16, so far as material, provides as follows: " If there be no surviving wife  *  *  *  or child under the age of eighteen years or if the amount payable to surviving wife  *  *  *  and to children under the age of eighteen years

shall be less in the aggregate than sixty-six and two-thirds per centum of the average wages of the deceased, then * * * for the support of each parent * * * of the deceased if dependent upon him at the time of the accident, twenty-five per centum of such wages during such dependency. But in no case shall the aggregate amount payable under this subdivision exceed the difference between sixty-six and two-thirds per centum of such wages, and the amount payable as hereinbefore provided to surviving wife (or dependent husband) or for the support of surviving child or children."

We think the legislative intent expressed is that, within the maximum of twenty-five per cent, awards to parents are permissible only if and to the extent that awards to surviving wife and children shall be less in the aggregate than sixty-six and two-thirds per cent of the average wages of the deceased. The State Industrial Board so interpreted the law when it made the initial award of sixteen and two-thirds per cent to the mother of deceased. The Board proceeded to award twenty-five per cent to the mother upon the remarriage of the widow apparently upon the theory which it adopted in the *Carlin* case, which was reversed by us. The rule of the *Carlin* case applies here. The lump sum paid to the widow must be treated as an advance payment for the two years following her remarriage. The award to the mother must, therefore, be diminished for the period of these two years to six and two-thirds per cent, as representing the difference between sixty-six and two-thirds per cent of deceased's wages and the sixty per cent payable to the widow and the two children.

The award should be reversed and the matter remitted, with costs against the State Industrial Board, with directions to modify the award in accordance with this opinion.

All concur.

Award reversed and claim remitted, with costs against the State Industrial Board.