In the Matter of the Claim of INGEBORG LOUISE HANSEN, Respondent, against CORSON CONSTRUCTION CORPORATION and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Departmen , October 9, 1931.

*John P. Smith* [*Thomas D. Scoble, Jr.,* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General,* and *John R. O'Hanlon* of counsel], for the respondent State Industrial Board.

*George G. Kennedy,* for the claimant, respondent.

RHODES, J. This is an appeal by the employer and carrier from an order of the Industrial Board denying the appellants' application to commute an award to Ingeborg Louise Hansen, the widow of the deceased employee. The parties have stipulated that for the purpose of shortening the record on appeal the statement of facts set forth in the record is agreed upon and by the stipulation the appeal is limited to the question as to the right of the appellants to have the said award commuted pursuant to section 17 of the Workmen's Compensation Law.

Said section provides, among other things, that compensation to aliens shall be the same in amount as provided for residents and that " the Commission may, at its option, or upon the application of the insurance carrier, *shall,* commute all future installments of compensation to be paid to such aliens, by paying or causing to be paid to them one-half of the commuted amount of such future installments of compensation as determined by the Commission."

The sole question for determination here is whether or not the widow is an alien. Her husband, Jens Hansen, was injured and died on July 25, 1929. He was admitted to citizenship on the 11th day of April, 1904, and married the claimant in the United States on August 26, 1913, she at that time being an alien citizen of Norway. Thereafter, of this union, Roy A. Hansen was born on August 3, 1916, in the city of New York, and Mildred K. Hansen was born on December 8, 1918, in Onsoy, Norway. In 1916 the claimant left the United States and has since continuously resided in Norway. The deceased returned from Norway some time after 1916 and remained a citizen of the United States until the time of his death.

In the briefs reference has been made to certain sections of the United States Compiled Statutes, the United States Revised Statutes, and the United States Statutes at Large, but for convenience the pertinent statutes are herein cited as they appear in the United States Code.

By section 10 of title 8 of the United States Code, the former statute, as continued in force for the purposes of this case, provides that "any woman who is now or may hereafter be married to a citizen of the United States, and who might herself be lawfully naturalized, shall be deemed a citizen." It also provides that "any foreign woman who acquires American citizenship by marriage to an American shall be assumed to retain the same after the termination of the marital relation if she continue to reside in the United States, unless she makes formal renunciation thereof before a court having jurisdiction to naturalize aliens, or if she resides abroad she may retain her citizenship by registering as such before a United States Consul within one year after the termination of such marital relation."

So far as the statutes are concerned, appellants have not made out a case. They are the moving parties and are the ones asserting that the widow is an alien; thus they have the affirmative of establishing the proposition and have not the benefit of the presumption which might arise if it were shown that the widow has failed to register before a United States Consul. It is agreed by the parties hereto in the stipulated record that such record fails to show whether or not she thus appeared before a Consul and stated her intention to retain her citizenship.

The appellants, however, invoke the terms of a treaty contained in a convention and protocol between the United States of America and Sweden and Norway (17 U. S. Stat. at Large, 809), proclaimed January 12, 1872. Article III of the protocol reads as follows: "III. Relating to the third article of the convention. It is further agreed that if a Swede or Norwegian, who has become a naturalized citizen of the United States, renews his residence in Sweden or Norway without the intent to return to America, he shall be held by the government of the United States to have renounced his American citizenship. The intent not to return to America may be held to exist when the person so naturalized resides more than two years in Sweden or Norway."

It is true, as argued by the appellants, that treaties are the supreme law of the land, overriding statutes in conflict therewith (*United States ex rel. Anderson* v. *Howe*, 231 Fed. 546), and that two years' absence abroad raises a presumption of an intent

not to return to America in cases covered by the treaty. But an examination of the provisions of the treaty discloses that it has no application here because it relates only to *naturalized* citizens of the United States. The widow, in the present case, is not a naturalized citizen. Her status as a citizen was created by her marriage to a citizen, not by her naturalization. It appears to be recognized by the appellants that the widow became a citizen by her marriage for the argument in appellants' brief is that she abandoned her citizenship by her subsequent acts.

Appellants also cite a portion of the law comprising a part of section 17 of title 8 of the United States Code, the part cited reading as follows: " When any naturalized citizen shall have resided for two years in the foreign State from which he came, or for five years in any other foreign State it shall be presumed that he has ceased to be an American citizen, and the place of his general abode shall be deemed his place of residence during said years. Such presumption may be overcome on the presentation of satisfactory evidence to a diplomatic or consular officer of the United States, under such rules and regulations as the Department of State may prescribe." An examination of the portion cited reveals that by its terms it applies to a *naturalized* citizen, and thus, as above pointed out, has no application here.

The appellants having failed to meet the burden of establishing that said widow is an alien, the denial by the Industrial Board of appellants' application was proper. The award should, therefore, be affirmed, with costs to the Industrial Board.

All concur.

Award affirmed, with costs to the State Industrial Board.