In the Matter of the Claim of AUGUSTA MESSNICK, Respondent, against KAHN BROTHERS and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 25, 1932.

*Everett F. Warrington* [*Herbert F. Hastings, Jr.*, of counsel], for the appellants.

*John J. Bennett, Jr.*, Attorney-General [*Joseph A. McLaughlin*, Assistant Attorney-General, *Roy Wiedersum* and *Paul J. Carr* of counsel], for the respondents.

PER CURIAM. The following facts are stipulated: Louis Messnick, deceased, contracted an occupational disease January 31, 1924; he died as a result of said disease September 14, 1930; he left him surviving his widow and his daughter, Louise Messnick; at the time of the accident and at the time of the death Louise was over the age of eighteen years, was a cripple and was a dependent upon the deceased; " That the disability of Louis Messnick and his subsequent death entitles such person as may be held to be entitled thereto, under the provisions of the New York Workmen's Compensation Law, to compensation."

The daughter's claim is for death benefits. Section 16 of the Workmen's Compensation Law controls all awards of compensation in the form of death benefits where the death results from the injury. Between the time of the accident and the time of the death this section was amended (Laws of 1929, chap. 303). Prior to this amendment this daughter could not have compensation; she was an actual dependent, but she was not of a class to one of which death benefits could be awarded. (§ 16, subd. 2.) The only dependent mentioned in this subdivision is a surviving husband. A child over eighteen years of age, though dependent, could not have compensation. This applies as well to subdivision 3. Under subdivision 4 classes of dependents, other than a surviving husband, are named, but no class includes a dependent child over eighteen years of age. By this amendment provision was made for the payment of death benefits to " a surviving child or children of any age dependent blind or crippled." This added a class entitled to this compensation, namely, children over the age of eighteen years if dependent blind or crippled. This claimant was a dependent crippled child over the age of eighteen years at the time of the injury and still is such. While we think the statute may not have retroactive effect (*Draper* v. *Draper & Sons, Inc.*, 201 App. Div. 770), yet we think the award should be sustained. Claims for death benefits depend in no respect on claims for an injured employee who receives compensation for his injuries and subsequently dies therefrom. (*Snow* v. *U. S. R. R. Administration*, 209 App. Div. 308; affd., 239 N. Y. 528.) Not until the death of the injured employee did the rights of this claimant become fixed. (*Donoho* v. *Atlantic Basin Iron Works*, 210 App. Div. 535.) At the time of the injured employee's death in this case the amendment of 1929 was in effect.

The last sentence of section 16, subdivision 5 (as amd. by Laws of 1924, chap. 319), providing that " All questions of dependency shall be determined as of the time of the accident," need not be considered here, because, as stipulated, the claimant was a dependent at the time of the accident.

The amendment of section 16, made by chapter 291 of the Laws of 1931, is not mentioned in any brief nor was it referred to on the argument. It need not be considered here.

We conclude that Louise Messnick, under the stipulated facts, is entitled under the provisions of the Workmen's Compensation Law to compensation as awarded.

The award should be affirmed, with costs.

All concur.

Award affirmed, with costs to the State Industrial Board.