In the Matter of the Claim of SARAH BABB and Others, Respondents, against CONBOY & BROWN CONSTRUCTION COMPANY and Another, Appellants.*

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 23, 1934.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

*Andrew D. Weinberger*, for the claimants, respondents.

HILL, P. J.   The Industrial Board has awarded to each of the minor brothers and sisters of Louis Babb, deceased, fifteen per cent of the average weekly wage of decedent.   Besides the minor brothers and sisters, he was survived by a dependent mother.   They all reside in the Province of New Brunswick, Canada.

The award is assailed upon two grounds: (1) That section 17 of the Workmen's Compensation Law governs, and that thereunder awards may not be made to dependent brothers and sisters residing in any foreign country including Canada, and as the mother has

---

* Revd., 264 N. Y. 357.

received a settlement in a third party action which precludes her from an award, none may be made. I am unable to agree with that construction. The section places aliens residing in the United States and Canada on the same footing, but provides a different rule as to aliens residing in other foreign countries. (*Mallory* v. *American Bridge Co.*, 261 N. Y. 701; *Schaubel* v. *Simons, Stewart & Foy, Inc.*, Id. 544.) (2) If it be determined that awards may be made under subdivision 4 of section 16 of the Workmen's Compensation Law to the minor brothers and sisters, the amount fixed is excessive. Since the mother would be entitled to twenty-five per cent and the aggregate limited to sixty-six and two-thirds per cent, there would remain only forty-one and two-thirds per cent to be divided among the brothers and sisters. I agree that any award to the mother is cut off by her settlement of the third party action without written approval (Workmen's Comp. Law, § 29), otherwise, she would have been entitled to any deficiency that remained after applying the proceeds of the settlement. (*Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367.) However, the plain context of the statute entitles "brothers and sisters under the age of eighteen years" to share in death benefits second only to the surviving spouse and children of the deceased, and ahead of a dependent parent. The award herein to the brothers and sisters is proper. The dependent mother, had there been no settlement, would have received six and two-thirds per cent of the average wages. (*Ziegler* v. *Pictorial Review Co., Inc.*, 216 App. Div. 614.)

The award should be affirmed.

RHODES, BLISS and HEFFERNAN, JJ., concur; McNAMEE, J., dissents with a memorandum.

McNAMEE, J. (dissenting). I dissent and vote to reverse the award, and to remit the claim to the Industrial Board, on the ground that the awards were computed on an erroneous basis. The deceased left a dependent mother and four brothers and sisters. The mother has settled her claim against the employer and thus defeated her right to an award under the Workmen's Compensation Law. Subdivision 4 of section 16 of the act provides for an award of fifteen per cent to each dependent brother and sister and of twenty-five per cent to a dependent mother, the aggregate not to exceed sixty-six and two-thirds per cent of the average earnings of the employee. The dependency and the rights of the parties to share are determined at the time of the death of the decedent.

It is observed that if each brother and sister were to be awarded fifteen per cent and the mother twenty-five per cent it would make a total of eighty-five per cent, a percentage in excess of the statutory

limitation, and accordingly the shares of each should be relatively reduced.

By- her own election the mother waived her right to an award under the act; but there is no language in the statute which authorizes an increase in the award to the dependent brothers and sisters upon such a contingency, and thus their awards must remain the same as though the mother had not settled.

The decision in this case is going on the theory that if the mother had not waived her right to an award by settlement, each of the brothers and sisters would be entitled to an award of fifteen per cent, even though it reduced or rendered impossible an award to the mother; in other words, that the mother would have no rights if the awards to brothers and sisters aggregated sixty-six and two-thirds per cent. It is argued that because the brothers and sisters are mentioned first in the provisions of the statute, that their awards must be made first even though this method would reduce the mother's share, or would exclude her altogether. I am unable to agree with this construction of the statute. In the nature of things one or the other of these provisions for the brothers and sisters on the one hand and for the mother on the other hand had to precede, and the other had to follow; they could not be stated at the same time. And there is no precedence given or class created by the mere statement of one fact before another, in the absence of language or other clear indication that such precedence or classification was the legislative intent. And an examination of the whole section suggests no warrant for such preference or classification. And surely the statute would have to be clear in that particular to justify a construction that would relegate a dependent mother to such a reduction or complete exclusion.

Award affirmed, with costs to the State Industrial Board.