In the Matter of the Claim of NICOLENE JOHANSEN, Respondent, against STATEN ISLAND SHIPBUILDING COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— The employer, a self-insurer, appeals from a decision and award that in effect rescinds an earlier award made on February 3, 1930. The earlier award directed the payment of a commuted lump sum ($6,036.16) to the widow and minor children of Andreas Johansen. The award of the commuted lump sum was made under section 17 of the Workmen's Compensation Law, upon the theory that the widow and minor children were aliens and not residents of either the United States or Canada. The amount so paid was less, as provided by section 17, than would have been paid had the widow and dependents been determined to be citizens of the United States. Nearly a year after the payment of the lump sum, which was made through the Norwegian Consulate, and on January 22, 1931, a daughter of the widow and decedent, who was not a dependent as she was more than eighteen years of age at the time of her father's death, and who resided in New York, requested that the matter be reopened, stating in her request that the widow and children were not aliens but citizens of the United States. The decedent became a naturalized citizen of the United States on November 27, 1900, by an order of the United States District Court for the Eastern District of New York. He was admitted upon his petition which stated that he came to the United States before he was eighteen years of age, thus obviating the necessity for a preliminary declaration. The proof in this case indicates that this was untrue, and to that extent his naturalization was irregular. He returned to Norway thereafter and was married to the present claimant on November 15, 1904. At no time has the claimant been a resident of the United States. Four children were born of the union on the following dates: June 2, 1906; March 1, 1910; October 31, 1916; May 2, 1919. The decedent came to his death on November 4, 1926. The record contains no proof that Andreas Johansen came to the United States between the date of his marriage and the year 1923 except that the daughter now living in the United States says that as long as she remembers, " He has been traveling forth and back " between Norway and the United States. The treaty between United States and Sweden and Norway contains the following provision: " It is further agreed that if a Swede or Norwegian, who has become a naturalized citizen of the United States, renews his residence in Sweden or Norway without the intent to return to America, he shall be held by the government of the United States to have renounced his American citizenship. The intent not to return to America may be held to exist when the person so naturalized resides more than two years in Sweden or Norway." (17 U. S. Stat. at Large, 812.) Assuming Andreas Johansen to have died in 1926 an American citizen (overlooking the defect in his naturalization), the widow, Nicolene Johansen, who became a naturalized citizen of the United States through and by virtue of the United States statute which provides, " Any woman who is now or may hereafter be married to a citizen of the United States, and who might herself be lawfully naturalized, shall be deemed a citizen " (U. S. R. S. § 1994. See U. S. Code, tit. 8, § 10), may have lost her citizenship by remaining in Norway more than two years after her husband's death. (Cf. *Matter of Hanson* v. *Corson Construction Corp.*, 233 App. Div. 326.) However, the right to death benefits accrued at the time of the death of the employee. The status of the widow at that time would control. (*Matter of Muller* v. *Apel, Inc.*, 242 N. Y. 499; *Donoho* v. *Atlantic Basin Iron Works*, 210 App. Div. 535.) While there seems to

have been an irregularity in decedent's naturalization it may not be attacked in this proceeding. Decedent asserted his citizenship but shortly before his death by applying for and receiving a United States passport. The three children who were dependent were born citizens of the United States. (U. S. R. S. § 2172; U. S. Code, tit. 8, § 7.) The new award made upon the theory of citizenship should be affirmed. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Rhodes, Crapser and Bliss, JJ., concur; McNamee, J., dissents, and votes to reverse the award and to dismiss the claim on the ground that if the husband lost his citizenship any time between 1904 and the date of his injury, the wife under the facts of this case, also lost her citizenship; and in any event the wife lost her citizenship two years after her naturalization in 1904, under the Federal statute which prescribes that such citizenship shall be presumed to have ceased when *any* naturalized citizen shall live in a foreign state for more than two years after naturalization, the wife never having been an inhabitant or resident of this country. (U. S. Code, tit. 8, § 10; Acts of Congress, March 2, 1907, chap. 2534, § 2; 34 U. S. Stat. at Large, 1228, § 2; U. S. Code, tit. 8, § 17; Convention and Protocol between the United States and Sweden and Norway, of May 26, 1869, § 3; 17 U. S. Stat. at Large, 812, § 3; *United States* v. *Howe*, 231 Fed. 546, 549.)