In the Matter of the Claim of ELIZABETH KUNST, Respondent, against GENERAL BRONZE CORP., Employer, and LIBERTY MUTUAL INSURANCE COMPANY, Insurance Carrier, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 1, 1942.

*John P. Smith* [*Albert P. Thill* of counsel], for the appellants.

*Charles R. Mullin*, for the claimant-respondent.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor General, and Roy Wiedersum, Assistant Attorney-General, of counsel], for the State Industrial Board.*

SCHENCK, J. This is an appeal from an award of the State Industrial Board pursuant to article 4-A of the Workmen's Compensation Law. Death benefits in the sum of $3,500, less payments previously made for disability, were awarded to the widow of an employee of the General Bronze Corp. who died June 30, 1941, of silicosis. The decedent had become totally disabled from silicosis by reason of his employment on April 20, 1939.

Under section 66 of the Workmen's Compensation Law, compensation for silicosis is based upon a scale of increasing benefits with fixed maximum compensation payable for disability and death. The maximum compensation payable under the scale set up by section 66, as amended at date of death herein, was $3,500. The maximum payable under the section on April 20, 1939, the date of disablement, was $2,200. Claimant was awarded the sum of $3,500, less payments already made on the disability scale prior to the death of decedent. Appellants contend that the maximum of $2,200, which was in effect at the date of disability, and which afforded the basis for the original award to decedent, is controlling.

The award based on the $3,500 maximum should be affirmed. The language of section 66 clearly states that in death cases " the aggregate amount payable shall be determined by the total amount payable in the month in which disablement or death occurs." There is no dispute but that this amount was $3,500 under the scale in the month in which death herein occurred. The fact that the lower maximum was in effect at date of disability does not operate to compel claimant to use this lower basis. Neither is the fact controlling that payments had been made on the lower basis during decedent's life. He obviously could not know if or when he would die, so he could not take advantage of the higher benefit figure. This does not prevent his widow from so doing.

The award should be affirmed, with costs.

CRAPSER and FOSTER, JJ., concur; BLISS, J., dissents in an opinion, in which HILL, P. J., concurs.

BLISS, J. (dissenting). The only question involved is the interpretation to be placed on section 66 of the Workmen's Compensation Law which reads as follows: " The aggregate amount payable shall be determined by the total amount payable in the month in which disablement or death occurs." The benefits under this section began at $500, if disablement or death occurred in June, 1936, and increased at the rate of fifty dollars each month thereafter,

depending upon the month in which disablement or death should occur. The statute did not mean to place one maximum for a disability case and another maximum for a death case. When this decedent became disabled in April, 1939, and a claim was made and an award granted on that basis, rights under this section became fixed. It was the disablement or death, whichever might first occur, that determined the maximum amount that might be awarded under this section. That is the only reasonable construction that can be placed upon the language of the statute.

HILL, P. J., concurs.

Award affirmed, with costs to the State Industrial Board.