170 P.2d 611
### PETERSON v. FEDERAL MINING & SMELTING CO.
No. 7294.

Supreme Court of Idaho.
July 2, 1946.

Robert E. Brown, of Kellogg, for appellant.

T. P. Wormward, of Kellogg, for respondent.

BUDGE, Justice.

This appeal is from an award of the Industrial Accident Board in favor of claimant, from which defendant appealed. The material facts, as stipulated, are substantially as follows:

"The Federal Mining and Smelting Company [appellant] is now and for many years prior hereto has been engaged in the mining of metalliferous ores, * * * Shoshone County,

"Edward Peterson was on the first day of May, 1945, and for more than ten (10)

years prior thereto, has been in the employ of the Federal Mining and Smelting Company in its flotation mill at the Morning Mine at Mullan * * * during at least five years of the period of such employment has been exposed to the inhalation of silica dust. That by reason of illness from silicosis with contributory pulmonary tuberculosis, Edward Peterson was disabled from work from May 2nd, 1945, to May 6th, 1945, inclusive; that on the 7th day of May, 1945, he returned to his regular employment, with the defendant company herein, and worked until May 11th, 1945, after which date he was totally disabled from such work by reason of such illness and subsequently and on June 3rd, 1945, he died; that the cause of his disease was diagnosed as silicosis with contributory tuberculosis; that Edward Peterson was a married man and left surviving him a widow, Frida Peterson, the claimant herein; that he had no dependent children; that he had been steadily employed by defendant earning an average weekly wage of $45.00.

"That it is not claimed by the claimant herein, that Edward Peterson was injured by an accident arising out of or in the course of his employment, but claim is made solely under the provisions of the Occupational Disease Compensation Law of the State of Idaho.

"That subsequent to the death of Edward Peterson and on June 6th, 1945, Frida Peterson, the claimant herein, filed with the Industrial Accident Board * * * her claim in writing under the provisions of the Occupational Disease Compensation Laws of the State of Idaho. Thereafter and on or about the 5th day of July, 1945, claimant and defendant filed with the Industrial Accident Board * * * for its approval, an agreement whereby defendant agreed to pay to claimant as surviving widow of Edward Peterson, a total sum of Three Thousand ($3,000.00) Dollars pursuant to the provisions of Section 43-2119 of the Occupational Disease Compensation Law of the State of Idaho. That on the 6th day of July, 1945, the Industrial Accident Board notified the defendant herein that it would not approve such agreement by reason of the provisions of Section 43-2119 of the Occupational Disease Compensation Law, as amended by Chapter 138, Session Laws, 1945."

Under the facts stipulated, the question here presented is, whether or not Chapter 138, Sess.Laws 1945, is retroactive and therefore unconstitutional as applied to the claim of Frida Peterson.

The record establishes the following facts: (1) That May 8, 1945, was the day on which the 1945 amendment to sec. 43-2119, I.C.A., became effective; (2) that Edward Peterson became totally disabled for work by reason of silicosis with contributory pulmonary tuberculosis, May 11, 1945; (3) that June 3, 1945, was the date Edward Peterson died.

It therefore appears that Edward Peterson became totally disabled and died subse-

quent to the amendment of sec. 43-2119, I.C.A. Appellant strenuously contends that chap. 138, Sess.Laws, 1945, supra, is retroactive as to the claim of Frida Peterson.

■ The Industrial Accident Board made its award in favor of claimant computing compensation to be paid to her under chap. 138, Sess.Laws, 1945, amending sec. 43-2119, I.C.A. The 1945 amendment increased the maximum recovery provided for in sec. 43-2119, supra. Appellant's contention is based on the theory that since Edward Peterson was in the employ of appellant prior to the amendment, the compensation payable to Frida Peterson, claimant herein, was limited to the amount of such compensation as provided for in said sec. 43-2119, supra, and was not entitled to be compensated under the amendatory provisions, and to hold otherwise would be in violation of art. 1, sec. 16, Idaho Constitution, and art. 1, sec. 10, United States Constitution, by the impairment of the contract between employer and employee, by imposing upon the employer retrospectively a new liability and obligation on a contractual relationship existing under prior law. In other words, that by reason of the fact that Edward Peterson was an employee of appellant, and became so employed prior to the amendatory act of 1945, compensation benefits should be paid under the provisions of sec. 43-2119, I.C.A.; that the legislature could not, by amendment, change the contractual relation of the employer and employee.

With this contention we are not in accord. Any right which claimant might have to participate in the compensation provided for under the Workmen's Compensation Law because of death did not arise during deceased's lifetime. The legislature had power prior to his death to create a future right which would accrue to his dependents in the event of death, notwithstanding the fact that the disease was contracted by reason of his employment and prior to the amendment of sec. 43-2119, supra, and ultimately resulted in his death, death giving life to the right provided by the amendment.

Frida Peterson's claim did not arise nor her rights become fixed until the death of her husband, at which time the amendment [chap. 138, Sess.Laws, 1945] was in effect. Donoho v. Atlantic Basin Iron Works, 210 App.Div. 535, 206 N.Y.S. 494; Messnick v. Kahn Bros., 235 App.Div. 114, 256 N.Y.S. 281; Michigan Central R. Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417; Ann.Cas.1914C, 176; State ex rel. Carlson v. District Court, 131 Minn. 96, 154 N.W. 661; State Treasurer of State of New York v. Vanderbilt, 220 App.Div. 61, 220 N.Y.S. 521; Kunst v. General Bronze Corp., 264 App.Div. 494, 35 N.Y.S.2d 878; Industrial Commission of Ohio v. Kamrath, 118 Ohio St. 1, 160 N.E. 470.

■ . "The provisions of the Workmen's Compensation Law do not become fixed as to interested parties at the time the employment begins. The obligations and

rights of the parties as to weekly compensation and other benefits to the employee do become fixed at the date of a compensable accident; as to benefits and liabilities arising because of the employee's death, they become fixed at the time of the death. The Legislature may change the scale of weekly or other benefits prior to the occurrence of the accident; it may change the benefits to be received by the widow of an employee prior to the death. The rate of compensation, whether for injury or death, may not be changed after the event takes place that fixes the rights of the parties under the law in force at that particular time." Warner v. Zaiser, 184 Minn. 598, 239 N.W. 761, at page 762, and cases cited.

If the amendment relied upon is not retroactive, as contended by appellant, it is conceded the Industrial Accident Board did not err in computing claimant's compensation under said amendment. Since Edward Peterson died subsequent to the enactment of the amendment, a new and independent right arose in favor of claimant following his death.

The amendment cannot be held to be retroactive, and the board was correct in its computation of compensation fixed under the Workmen's Compensation Law.

Having reached this conclusion, other assignments of error become unimportant.

The award of the Industrial Accident Board is affirmed. Costs to respondent.

GIVENS, HOLDEN, and MILLER, JJ., concur.

AILSHIE, C. J., did not participate.