### SMITH v. METROPOLITAN ST. RY. CO.

(Common Pleas of New York City and County, Trial Term. December, 1895.)

DEATH BY WRONGFUL ACT—WHEN CAUSE OF ACTION ACCRUES.

In an action for death by wrongful act, the death, and not the injury from which the death resulted, is the cause of action; and, where the death occurred after the constitution of 1895 had removed the limitation on the amount recoverable, an action to recover damages therefor is within the constitutional provision, though the injury from which death resulted was sustained before it went into effect.

Action by Sarah Emily Smith, administratrix, against the Metropolitan Street-Railway Company for damages for death of her intestate. Defendant moves to reduce damages in the complaint. Denied.

Geo. H. Taylor, for plaintiff.

Henry A. Robinson, for defendant.

PRYOR, J. (orally). The action is by an administratrix for the negligent killing of her intestate. It appears that the injury was sustained by the intestate on the 30th December, 1894, and that his death occurred on the 2d January, 1895. The question is whether the recovery be limited to $5,000, as by the law in force on the 30th December, or be unlimited, by virtue of the constitution of 1895. That constitution went into effect the 1st January, 1895. The law

limiting the recovery does not apply, because the cause of action did not accrue while that law was in operation.　The cause of action is not the injury, but the death of the intestate; and that death occurred after the new constitution went into effect.　Had there been no death, there could have been no such action.　The injury might have been the foundation of an action by the injured party, had he lived.　These causes of action not only inhere in different parties, but proceed upon different grounds,—one for a wrongful injury, the other for a wrongful killing.　The latter is not a survival of the former on the death of the injured person, but is another and independent action, founded upon an event subsequent to the injury, and prosecuted by another plaintiff for the violation of a right appertaining to him, and not to the intestate.　The death of the intestate being the ground of action, and occurring after the old law was abrogated by the new constitution, there is no limit to the amount of recovery.

It results that the motion must be denied.