Robinson, J.
 

 In determining rights arising by force and out of the Workmen’s Compensation Law it is well to remember that the duties of the Industrial Commission and its obligation to injured employees and dependents of killed employees are only such duties and obligations as are imposed by statute; that the rights of injured employees and the dependents of killed employees to recover from or participate in the state insurance fund are neither constitutional rights, inherent rights, nor common-law rights, but are wholly statutory; that while the Workmen’s Compensation Law was conceived and developed as a scheme to serve both employer and
 
 *4
 
 employee better, in the matter of compensation for injuries and death occurring in the course of employment, than they had theretofore been served by the application of the common-law and statutory law to liability for negligent acts, and, that, although the rights of injured employees and dependents of killed employees to recover for negligent acts have in a large measure been taken away by the Workmen’s Compensation Law, the present rights of injured employees and the dependents of killed employees to recover from such fund are in no way augmented or diminished by reference or analogy to feuch negligence liability; that the fault or absence 'of fault of the employer is in no sense significant in determining the rights of employees; that if the right to participate in such fund be not found in the Workmen’s Compensation Law itself, the right does not exist; and that where it does exist the right is a legal right and does not differ from other legal rights.
 

 The administrators of such fund are not clothed with a discretion to give or withhold, but are clothed with a power to determine whether the applicant has a legal right to participate in the fund, and to award him participation only in the event they find he has such legal right.
 

 The power of a court upon appeal is not different from the power of the administrators of the fund in the first instance. The statutory law in force upon the date the cause of action accrues is the measure of the right, and is not subject to enlargement or diminishment by the Industrial Commission or the courts at any time, nor by the Legislature itself subsequent to the accrual of the right.
 

 
 *5
 
 The right of the defendant in error to participate in sneh fund, if it exists, must be found in the provisions of Section 1465-68, General Code, and the sections therein referred to, in force on the 24th day of February, 1923. The pertinent portion of Section 1465-68, as then in force, provided:
 

 “Every employee mentioned in subdivision two of section fourteen hereof [section 1465-61], who is injured, and the dependents of such as are killed in the course of employment, * * * on and after January 1st, 1914, shall be entitled to receive *
 
 * ' *
 
 from the state insurance fund, such compensation for loss sustained on account of such injury or death, * * * as is provided by sections thirty-two to forty inclusive [1465-79 to 1465-87] of the act.” 103 Ohio Laws, p. 79.
 

 Subdivision 2 of Section 14 (Section 1465-61), as then in force, defined “employees,” as used in the Workmen’s Compensation Law. Defendant in error’s decedent was an employee within such definition.
 

 If the defendant in error is not entitled to participate in such fund by virtue of the provisions of Section 1465-82, she is not entitled to participate therein at all, since we find no other of the “sections thirty-two to forty inclusive [1465-79 to 1465-87]” applicable to the existence or nonexistence of the- right of dependents of killed employees to participate in such fund.
 

 Section 1465-82, as then in force, provided:
 

 “In case the injury causes death within the period of two years, the benefits shall be in the amount and to the persons following.”
 

 Then followed, as parts of that same section, four
 
 *6
 
 separately numbered paragraphs or subsections. No. 4 provided:
 

 “In cases in which compensation * * * on account of the injury -has been continuous to the time of the death of the injured person, and the death is the result of such original injury, compensation shall be paid for such death as though the same had occurred within the two years hereinbefore provided, deducting from the final award therefor the total amount theretofore paid on account of total or partial disability on account of such injury.”
 

 Sections 1465-82 and 1465-68 gave to the dependents of certain killed employees the right to participate in the fund for the death of an employee occurring more than two years after the injury. However, the right there conferred was not conferred upon the dependents of every injured employee who died more than two years subsequent to his injury, but only upon the dependents of killed employees whose compensation had been continuous from the date of the injury .to the date of the death. This subsection 4 of Section 1465-82 was enacted subsequent to the date of the injury, but was in full force at the date of the death.
 

 The defendant in error may not recover under the provisions of Section 1465-68, G-eneral Code, because the provisions of that section are therein expressly dependent upon the provisions of Sections 32 to 40 (1465-79 to 1465-87), inclusive,- of which Section 35 (1465-82), of course, is one, and Section 1465-82 did not confer upon the dependents of killed employees, who died after the lapse of two years from the date of the injury which caused the
 
 *7
 
 death, whose compensation had not been continnons to the date of the death, the right to participate in such fund. The death of defendant in error’s decedent not occurring within the time in that section specified, and his compensation not having been continuous, so as to bring his dependent within the saving clause of subsection 4, she is not a dependent for or in whom the statute has created a right to participate in such fund.
 

 We quite agree with the trial court in the view that the defendant in error’s cause of action, had she had a cause of action by reason of her decedent coming within the classification of subsection 4 of Section 1465-82, would have been in her own right, and not a continuance by substitution of her decedent’s cause of action. His right was a right to participate in the fund because of his injury, and accrued when the injury was sustained. Any right which his dependent might have to participate in the fund because of his death necessarily could not accrue during his life; and since the right to participate in the fund is not in any way dependent upon the fault of the employer, and is not a right against him, but is wholly dependent upon statutory creation, and where created is a right against the fund, the Legislature had the power prior to his death to create a future right which would accrue to his dependent in the event of his death — notwithstanding the fact that the injury was the Cause of the death, the death giving rise to the right.
 

 Since the power is vested in the Legislature not only to designate to whom such right to participate shall inure, but also to fix the extent of such participation at any and perhaps an arbitrary sum, it
 
 *8
 
 necessarily follows that it has the power to limit or reduce such sum so fixed, by deduction therefrom of the amounts theretofore paid the decedent on account of the injury. However, since the decedent, by reason of his not having participated continuously on account of his injury to the time of his death, did not fall within the class for whom the Legislature had then created a right in his dependent, no cause of action against the fund or its administrators accrued to his dependent.
 

 The Legislature, recognizing the justice of extending the right to participate in such fund to dependents such as the defendant in error here, extended the class of killed employees whose dependents should be entitled to participate so as to include those who, although they have not received compensation on account of the injury continuously to the date of death, have suffered disability to such date on account of the injury. On April 6, 1928 (110 Ohio Laws, p. 227), subsection 4 of Section 1465-82 was amended to read as follows:
 

 “In cases in which compensation
 
 or disability
 
 on account of the injury has been continuous to the time of the death of the injured person, and the death is the result of such original injury, compensation shall be paid for such death as though the same had occurred within the two years herein-before provided,” etc.
 

 But the defendant in error’s cause of action had then accrued. Her injured decedent was already dead. Her rights were already fixed, and the subsequent legislation did not and could not add to or subtract therefrom.
 

 Counsel concedes that the defendant in error does
 
 *9
 
 not fall within -any description or classification of Section 1465-82, but seems to base her right to participate in such fund upon an interpretation of Section 1465-72a, General Code, as a modification of Section 1465-82.
 

 Section 1465-72a reads:
 

 “In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after the injury or death, application shall have been macte to the Industrial Commission of Ohio or to the employer in the event such employer has .elected to pay compensation direct.”
 

 The provisions of that section are wholly negative. That section confers no rights upon an injured employee or the dependents of a killed employee, but its whole effect is to limit rights elsewhere conferred upon them. It is strictly a statute of limitations and limits alike the rights of the injured employees, the rights of dependents of killed employees, and the powers of the administrators of the fund.
 

 The Workmen’s Compensation Law is still in the development stage. Each successive legislative enactment is intended to make its enforcement more practical and its operation more just, but rights of injured employees and of the dependents of killed employees to participate in such fund do not accrue in advance of legislation creating such rights, and the Legislature is as powerless to create or take away rights in retrospect, under the Workmen’s Compensation Law, as it is to create or take away any other legal right in retrospect. The courts by interpretation cannot do with enacted legislation that which the Legislature cannot do by enactment.
 

 The right of the defendant in error to participate
 
 *10
 
 in the state insurance fund not having been created by the Legislature prior to the date of the death of her decedent, nó right to such participation ever accrued to her or ever can accrue to her.
 

 The judgment of the Court of Appeals and that of the court of common pleas will be reversed, and this court will enter the judgment which those courts ought to have rendered.
 

 Judgment reversed.-
 

 Marshall, C. J., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.