Allen, J.
 

 The sole question in this controversy is presented by the following facts, which either appear in the record or were admitted in open court by the defendant in error upon the trial of the case and upon the hearing in this court.
 

 Since the defendant in error here admits the facts upon which the plaintiff in error’s contention is predi
 
 *322
 
 cated, its argument that the record does not present the question is untenable.
 

 Statements of fact agreed to by counsel for all parties may be considered in the same manner as admissions made on the trial of the case.
 
 Springer
 
 v. Wasson, 25 N. M., 379, 183 P., 398.
 

 The injury which is alleged to have caused the death of the employee occurred on June 21, 1930. The defendant was at that date a self-insurer. On July 1, 1930, prior to the death of the decedent, the employer changed, under the statutes and rules of the Industrial Commission, from the status of self-insurer to a state risk employer.
 

 At the conclusion of the plaintiff’s case in the trial court, the defendant moved for a directed verdict, upon two grounds, namely,
 

 “First, Plaintiff’s evidence does not .prove and does not tend to prove that the death of Trafford Fisher was caused by the injury of June 21st, 1930, or that the injury had any connection whatever with his death. There is not a scintilla of evidence introduced by the plaintiff to the effect that the cerebral embolism, if any, was caused by the injury to the shin on June 21st, 1930.
 

 “Second, Plaintiff has failed to prove that on the date of the death of Trafford Fisher the defendant had qualified and was a self-insurer under the Workmen’s Compensation Law of Ohio and had thereby complied with such law as alleged in her petition. There has been no evidence whatever introduced to prove this allegation and the allegation is not true, in fact; at the time the alleged cause of action of the plaintiff accrued, October, 1930, this defendant was not a self-insurer under the Workmen’s Compensation Law, and therefore, under Section 1465-90 of the General Code of Ohio, the proper defendant in this action is the Industrial Commission of Ohio and not the Ohio Malleable Iron Company.”
 

 
 *323
 
 The trial court, as shown by the extended argument upon this point, was of the opinion that the action had been instituted against the Ohio Malleable Iron Company “upon the erroneous theory that they are still a self insurer,” and therefore directed the jury to return a verdict for the defendant and rendered judgment upon that verdict. The Court of Appeals affirmed this judgment, upon the ground that the cause of action on behalf of the dependent accrued upon the death of her husband, Trafford Fisher, and that as no cause of action could exist in her favor prior to his death, none existed in her favor against the self-insurer.
 

 The question presented, therefore, is whether the liability which exists as against an employer which is a self-insurer at the time of the injury to its employee is passed over to the state insurance fund by the fact that the employer changes from the status of self-insurer to a state risk employer after the injury and before the death of the employee.
 

 The trial court and the Court of Appeals ruled against the claimant upon the authority of the case of
 
 Industrial Commission
 
 v.
 
 Kamrath,
 
 118 Ohio St., 1, 160 N. E., 470. That case holds in the syllabus as follows:
 

 “2. The provisions of the General Code relating to compensation of injured employees or the dependents of killed employees in force at the time the cause of action accrues are the measure of the right of such employees and dependents to participate in the state insurance fund.
 

 “3. The cause of action of an injured employee accrues at the time he receives an injury in the course of his employment.
 

 “4. The cause of action of a dependent of a killed employee accrues at the time the employee dies from an injury received in the course of his employment.”
 

 We are unable to agree that this holding controls in
 
 *324
 
 the present controversy. The Kamrath decision relates only to the time when a cause of action on behalf of the dependent accrues under the Workmen’s Compensation Act. Manifestly, the dependent cannot sue until the employee has- died, because the right of the dependent, while it has its source in the- injury, does not arise unless the injury results in death. This fact makes inevitable the decision in the
 
 Kamrath case.
 
 But this is by no means equivalent to holding that liability for the death caused by the injury dates from the time of the death only. The Ohio statutes make the injury the source of the action both for the employee and for his dependents in case of death. The Workmen’s Compensation Act repeatedly contemplates a situation such as this, where death arises from an injury. Thus in Section 1465-72, General Code, the statute speaks of payment to the employee “wheresoever such injuries have' occurred, * * * or to their dependents in case death has ensued. ’ ’ The right of the dependent does have its source in the injury which causes the death, even though it does not accrue until the time of the death. In like manner, the liability of the self-insurer has its source in and attaches at the time of the injury, and embraces every result which is caused by the injury, including the death. This liability, after it has once attached, cannot be evaded by the employer’s changing his status. If such a result were possible a self-insurer could cast upon the employers who contribute to the state insurance fund a great financial burden arising out of an accident which occurred while he, by his own choice, was a self-insurer.
 

 Since the peculiar provisions of the Ohio statutes are concerned, authorities from other states are not particularly in point. However, upon the proposition that the liability attached as of the time of the injury, the case of
 
 Texas Employers’ Ins. Assn.
 
 v.
 
 Price
 
 (Tex. Civ. App.), 300 S. W., 667, has some bearing. In that
 
 *325
 
 case, after the insurer had issued a policy of compensation insurance to the employer and contracted to insure the employees,' an injury occurred. The Texas Employers’ Insurance Association defended against an action brought by the employee upon the ground that the employer thereafter became a subscriber under the Workmen’s Compensation Act of the state of Texas. The court held that the insurance association was liable under its contract.
 

 It is unnecessary to prolong this consideration, for while the cause of action of the employee is separate and distinct from the cause of action of his dependents, when injury causes death, the source of the death is the injury, and from the standpoint of liability, the cause and the effect are inseparable. That liability attaches to every result which is caused by the injury, and it arises at the time of the injury.
 

 For these reasons, the judgment of the Court of Appeals will be reversed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Beyes and Zimmerman, JJ., concur.
 

 Matthias, J., not participating.