The issue in the instant case is a very narrow one since all the facts and most of the legal points are uncontroverted. It is conceded that claimant, Cole, has a bona fide claim for total disability from silicosis. The only controverted question is whether relator is liable as a self-insurer or the claim should be paid from the state insurance fund.
On November 28, 1946, relator was a self-insurer. If claimant, who was then in relator's employ, had on that date been injured by an accident arising in and growing out of his employment, claimant would have had a claim which arose on that date and relator would have been liable as a self-insurer for its payment. In case of a traumatic injury the claim arises at the time the injury occurs and is governed by the law and circumstances in effect at that time. Industrial Commission v. Kamrath, 118 Ohio St. 1,160 N.E. 470; Fisher v. Ohio Malleable Iron Co.,127 Ohio St. 321, 188 N.E. 512.
However, claimant did not suffer an injury on November 13, 1946. That was the date of his last exposure to silicon dust, and that exposure gave rise to no claim on behalf of claimant. The exposure merely started a period of eight years to running. If, during the course of that eight-year period, claimant should have suffered no total disability or did not die, from silicosis, or did not die after such period from continuous disability from silicosis commencing within such period, no claim for compensation would or ever could arise because of the final exposure to the silicon dust. No possible event save total disability or death could generate or give rise to a claim for compensation for silicosis. State, ex rel. Yuska, v. IndustrialCommission, 144 Ohio St. 187, 58 N.E.2d 214; State, ex rel.Bevis, v. Coffinberry et al., Industrial Commission, 151 Ohio St. 293, 85 N.E.2d 519. *Page 458 
On November 29, 1946, relator ceased to be a self-insurer and since that date has at all times been a contributor to the state insurance fund. On November 3, 1948, claimant suffered a total disability from silicosis and in accordance with the law he then, for the first time, had a claim for compensation. It seems obvious that his claim should be governed by the law and the circumstances which existed at the time the claim arose, to wit, on November 3, 1948. For instance, on November 13, 1946, when claimant had his last exposure to silicon dust the benefits payable were limited to $21 per week, whereas on November 3, 1948, the limit was $25 per week. We fancy that claimant would bitterly complain if his right to compensation was limited to the amount allowable at the time of his last exposure to silicon dust.
On November 3, 1948, when Cole's total disability first ensued as a result of which his claim to compensation first came into being, relator had ceased to be a self-insurer and had been a contributor to the state insurance fund for almost two years. If, as this court has held in the Fisher case, supra, the employer becomes liable on a claim for compensation in the capacity in which he was at the time the claim arises, it would seem obvious that the claim in the instant case would be payable from the state insurance fund. It seems preposterous and fantastic therefore to require relator to pay the claim involved as a self-insurer when the claim itself is governed by the law in force on November 3, 1948, the date upon which the claim arose and on that date relator had been contributing to the state insurance fund for nearly two years. The claim should have been ordered paid from the state insurance fund and such payment charged to the experience of relator in the rate-fixing procedure.
MATTHIAS and TURNER, JJ., concur in the foregoing dissenting opinion. *Page 459