Middleton, J.
Prior to October 12, 1945, Section 1465-68a, General Code (120 Ohio Laws, 449, 451), provided in part:
“Compensation, medical, hospital and nursing expenses on account of silicosis shall be payable only in the event of temporary total disability, permanent total disability, or death, in accordance with the pro *299 visions of Sections 1465-79, 1465-81 and 1465-82 of the General Code, and only in the event of such disability or death resulting within two years after the last injurious exposure; provided that in the event of death following continuous total disability commencing within two years after the last injurious exposure, the requirement of death within two years after the last injurious exposure shall not apply.”
As of October 12, 1945, that section was amended by substituting the words, “eight years,” for, “two years, ’ ’ in the three places where the latter words appeared. Otherwise no change was made by the amendment.
Did this amendment give to this widow the right to death benefits inasmuch as her husband had died (December 11, 1948) within eight years after the last injurious exposure (October 6, 1942), although he did not die within two years after such last exposure?
At this point it should be noted that the decedent was not continuously totally disabled from some date within two years of the last exposure to the date of his death. Consequently, no claim could have been made, and none was made, under the last clause of the above-quoted portion of Section 1465-68a, General Code.
In reaching its decision denying the widow’s right to death benefits, the Industrial Commission relied upon this court’s decision in State, ex rel. Efford, v. Industrial Commission, 151 Ohio St., 109, 84 N. E. (2d), 493. Relatrix relies most strongly on Industrial Commission v. Kamrath, 118 Ohio St., 1, 160 N. E., 470.
At the outset it is important to restudy the character of the rights of death benefits given to the widow and other dependents. The rights of dependents Lo participate in the- State Insurance Fund are wholly statutory. The conditions under which the right to such benefits arises are set forth in the above-quoted *300 portion of Section 1465-68a, General Code. The manner of determining dependency such as will qualify one to receive death benefits and the amounts recoverable by the various classes of dependents are set forth in Section 1465-82, General Code.
These statutes have been considered by this court on many occasions.
In Industrial Commission v. Kamrath, supra, death benefits were sought by a dependent. The decedent received injuries on September 5, 1918, from which he died on February 24, 1923. It was conceded that he did not receive compensation continuously to the time of his death. Reversing an award, this court held that an award of death benefits was not authorized by the statutes for the reason that the death had not occurred within two years of the injury (the element of continuous compensation being absent). The court then considered the effect of an amendment to Section 1465-82, General Code, which became effective on April 6, 1923, several weeks after the death of the decedent. By that amendment continuous disability to the time of death was made sufficient to qualify a death benefit claim. In the opinion Judge Robinson rejected any claim of right of the dependents to benefits of that amendment, even though the decedent had been continuously disabled to the time of his death. The judge said:
“But the defendant in error’s cause of action had then accrued. Her injured decedent was already dead. Her rights were already fixed, and the subsequent legislation did not and could not add to or subtract therefrom.’’
In that connection Judge Robinson made the following significant comment:
“We quite agree with the trial court in the view that the defendant in error’s cause of action, had she had a cause of action by reason of her decedent com *301 ing within the classification of subsection 4 of Section 1465-82, would have been in her own right, and not a continuance by substitution of her decedent’s cause of action.”
That statement recognizes the independent character of the cause of action of the dependents, even though that cause of action could not have existed if the decedent had not suffered a compensable injury.
The opinion also says:
“* * * rights of injured employees and of the dependents of killed employees to participate in such fund do not accrue in advance of legislation creating such rights, and the Legislature is as powerless to create or take away rights in retrospect, under the workmen’s compensation law, as it is to create or take away any other legal right in retrospect.”
The second and fourth paragraphs of the syllabus of that case are relied upon by the relatrix. They read:
“2. The provisions of the General Code relating to compensation of injured employees or the dependents of killed employees in force at the time the cause of action accrues are the measure of the right of such employees and dependents to participate in the State Insurance Fund.”
“4. The cause of action of a dependent of a killed employee accrues at the time the employee dies from an injury received in the course of his employment.”
It is argued that the cause of action of relatrix herein “accrued” on December 11, 1948 (date of her decedent’s death), which was after the effective date of the 1945 amendment, and, therefore, the relatrix has the benefit of the eight-year provision.
That statement in the syllabus of the Kamrath cuse must be construed in the light of the facts of that case. There the dependents were claiming the benefits of an amendment which became effective after the dece *302 dent’s death. The syllabus says that such contention is untenable — -that the cause of action accrued at the time the employee died, i. e., the dependents’ rights could not be enlarged after his death. The meaning of that paragraph of the syllabus cannot be extended, as is undertaken in the instant case, to support the claim of the relatrix — which claim is that she is entitled to the benefits of the eight-year provision of amended Section 1465-68a, which was in effect when her husband died but which became effective more than two years after his last exposure.
The Kamrath case is cited and approved in the first paragraph of the syllabus of Industrial Commission v. Davis, 126 Ohio St., 593, 186 N. E., 505, 88 A. L. R., 1175, which paragraph reads:
“* * * the cause of action of a dependent of a killed employee accrues at the time of the death of such employee from an injury received in the course of his employment. ’ ’
The only question there involved was the admissibility in evidence of the record of the Industrial Commission, made in connection with the claim of an injured employee for compensation, in a subsequent court action brought by a dependent because of the resulting death of the employee. The opinion stresses the independent character of the two causes of action —that of the employee for compensation which arises at the time of the injury and that of the dependents which obviously can not accrue prior to the death of the employee. The decision goes no further than to hold the proffered record inadmissible.
In Fisher v. Ohio Malleable Iron Co., 127 Ohio St., 321, 188 N. E., 512, the Kamrath case is mentioned but distinguished, and concerning it Judge Allen in the opinion said:
“The Kamrath decision relates only to the time when a cause of action on behalf of the dependent ac *303 ernes under the Workmen’s Compensation Act. Manifestly, the dependent cannot sue until the employee has died, because the right of the dependent, while it has its source in the injury, does not arise unless the injury results in death. This fact makes inevitable the decision in the Kamrath case. But this is by no means equivalent to holding that liability for the death caused by the injury dates from the time of the death only. The Ohio statutes make the injury the source of the action both for the employee and for his dependents in case of death. ’ ’
The case of State, ex rel. Schmersal, v. Industrial Commission, 142 Ohio St., 477, 52 N. E. (2d), 863, merely holds, on authority of the Kamrath case, that the cause of action of an injured employee accrues at the time of his injury and that he is not entitled to the increases in compensation provided from time to time by later enacted legislation.
Further comment concerning the significance of the Kamrath case appears subsequently in this opinion.
We now come to the case of State, ex rel. Efford, v. Industrial Commission, supra, which is the case relied upon by the commission. The facts of the Efford case are in most respects identical with those of the instant case. There is one difference. In the Efford case, Jones & Laughlin Steel Corporation, which was the employer at the time of the last exposure, was a self-insurer, whereas in the instant case the employer at the time of the last exposure was a contributor to the State Insurance Fund. That fact is, however, unimportant so far as the effect of the amendment of October 12, 1945, is concerned.
In the Efford case, the significant facts are as follows :
From 1934 to February 13, 1943, Andrew Efford was employed by Jones & Laughlin Steel Corporation and was exposed to silica dust. On February 13,1943, *304 he quit his job with Jones & Laughlin Steel Corporation and took other employment until 1945 where he was not subject to such exposure. In July 1945, he entered a hospital because of then being inflicted with silicosis. On October 12, 1945, Section 1465-68a was amended by substituting eight years for two years, as hereinabove explained. On January 2, 1946, Efford died. On February 25, 1946, the widow filed her preliminary application for death benefits naming Park Drop Forge Company the last employer, but she failed to serve notice upon or file a claim against Jones & Laughlin Steel Corporation within six months after the death of the husband, as required by Section 1465-72 b.
Under those circumstances, two defenses were available. One defense was that the widow had no cause of action because the injured husband did not die within two years following the last exposure (which two-year period expired February 13, 1945) and the statute was amended subsequent to his death. The other defense was the failure to make application to the Industrial Commission or to the employer (Jones & Laughlin) within six months after the death occurred. The opinion contains comments concerning the first defense above stated, but it does not state a specific conclusion as to the validity of that defense. The opinion, however, does stress the failure to file the claim within six months and holds that such failure warranted rejection of the claim. Although the first paragraph of the syllabus of the Efford case is broad enough to cover both defenses and to constitute a decision that the first defense above discussed was valid, nevertheless, the argument has been made that the Efford case was actually decided on the basis of the second defense, which involved the failure to file application for compensation within six months from the *305 date of death of the employee. It is hoped that this opinion will clarify that situation.
The decisions in the Kamrath case and subsequent cases that the cause of action of the dependents accrues at the time of death of the employee cannot be understood as meaning that the cause of action of the dependents arises at the time of death of the employee, so as to be governed exclusively by law in effect at that time and so as to exclude from consideration all laws in effect prior thereto. The cause of action of the dependents is of a special type. It has its origin in the injury or compensable disease suffered by the employee. Nevertheless, it is an independent right of action. An unqualified right to death benefits does not arise either at the time of the injury or last exposure or at the death of the employee. At the time of last exposure, it is a potential right of action which may or may not mature into a full-fledged and enforceable cause of action. Whether it matures into an enforceable cause of action depends upon the happening of conditions subsequent.
In the instant case Bessler suffered the last exposure on October 6, 1942. Under the law as it then existed, the dependent widow then had a potential cause of action which was contingent upon the death of the injured employee occurring on or before October 6, 1944. If his death had occurred within that two-year period, the widow’s right to death benefits would have “matured” at the time of his death. Since, however, his death did not occur within that two-year period, no such right to death benefits ever matured into an enforceable cause of action. The right to death benefits being contingent upon the happening of an event, to wit, death within two years, which did not occur, the potential cause of action became nonexistent on October 6, 1944. From October 6, 1944, until October 12, *306 1945, the widow did not have even a potential right to death benefits. The amendment of October 12, 1945, did not revive in the relatrix the potential right of action which she had prior to October 6, 1944, and which had then ceased to exist as above stated.
By liberal construction of the workmen’s compensation laws, this court went very far in its decision in State, ex rel. Venys, v. Industrial Commission, 153 Ohio St., 238, 91 N. E. (2d), 7, in holding that dependents are entitled to the benefits of the eight-year amendment, effective October 12, 1945, if the injury or last exposure of the deceased employee had occurred less than two years prior to October 12, 1945, so that upon that date the potential cause of action of the dependents had not yet ceased to exist. The claim of the relatrix in the instant case that she is entitled to the benefits of the amendment of 1945 would require this court to go much further than it went in the Venys case and to indulge in unwarranted and unsound liberality of construction.
It was urged in argument that the question here presented is not what the General Assembly intended when it enacted the amendment of 1945 but whether the General Assembly had the power by that amendment to create a right in favor of this dependent to death benefits payable from the workmen’s compensation fund. If that be the question, our answer is that the General Assembly did not have such power. The amendment of 1945 so construed would clearly be retroactive. The right of dependents to death benefits involves substantive law. The dependents of employees injured more than two years prior to October 12,1945, had no right of action, where the death did not occur within the two years. The amendment to the statute creating the right in dependents to death benefits if the injured employee died within eight years *307 following the injury or last exposure, if given such retroactive effect, would, in some instances, revive or create a cause of action which had not existed for six years.
We do not question the power of the General Assembly to enact a law as it did on October 12, 1945, creating the right in dependents to recover death benefits contingent upon death of the injured employee occurring within eight years from the date of the injury or last exposure, provided such law is prospective in its operation and not retroactive. In the instant case, the law would be clearly retroactive and, therefore, invalid if it were so construed „as to authorize recovery of death benefits.
It is, therefore, our conclusion that the .Industrial Commission correctly decided that the relatrix is not entitled to death benefits as claimed by her, and that the writ of mandamus herein prayed for should be denied.

Writ denied.

Weygandt, C. J., Zimmerman, Matthias and Hart, JJ., concur.
Taet, J., dissents.
Stewart, J., not participating.