Hart, J.
The sole question presented is whether the law in effect on the elate of an employee’s injury or that in effect on the date of his death governs the amount of death benefits which his dependent widow is entitled to receive under the Workmen’s Compensation Act.
In the instant case, the decedent’s last injurious exposure to silicon dioxide was on October 26, 1948. Such exposure and previous exposures caused his death on May 2, 1952.
Relator claims that the death-award schedule in effect on the date of the injury governs the award to the widow for the reason that the right to compensation as to both the decedent and his widow is based *226 solely on a compensable injury; that all substantive rights of the widow were fixed at that time; that the amount of compensation is as much a matter of substance as is the right itself; and that, since all relationship of the relator to the decedent ceased on October 26, 1948, the application of a subsequent statute increasing compensation would constitute a retroactive increase in the substantive liability of the relator.
Although it is true that the liability of an employer to dependents of an employee in case of his death must have its origin in a compensable injury to the employee which caused his death, it is a mere contingent liability until the death occurs. See Section 1465-82, General Code. Dependency under the statute here involved can never arise unless and until the employee dies. Until then, the liability of the employer necessarily remains contingent. Whether there be any dependents and their identity can not be determined until the death of the employee. Consequently, although the right of a dependent to such award has its origin in the injury which causes death, it can not possibly arise or accrue until the death of the employee.
An analogous situation prevails in wrongful death actions where the deaths result from injuries caused by the wrongful acts of others. 13 Ohio Jurisprudence, 421, Section 69. The cause of action of the beneficiaries is contingent until the death of the injured person from the wrongful act and accrues only upon such death (Doyle, Admx., v. Baltimore & Ohio Rd. Co., 81 Ohio St., 184, 90 N. E., 165, 135 Am. St. Rep., 775), and the measure of damages is based upon the pecuniary loss to the beneficiaries as of the date of death.
When wrongful death actions were first authorized in many of the states of the United States, constitutional or statutory limitations were usually adopted fixing the maximum amount recoverable in such cases. *227 Later, in some of these states, including Ohio, these limitations were wholly removed, allowing recovery in any amount in the sound discretion of the jury. Cases then arose involving the limit of recovery, both where the injury and death had occurred before the removal of the limitation, and where the injury had occurred before such removal but death had occurred thereafter.
In the case of Isola et al., Admrs., v. Weber, 147 N. Y., 329, 41 N. E., 704, the plaintiffs’ decedent was injured and his death occurred in 1892. The Constitution of the state of New York was amended, effective January 1,1895, to the effect that “the right of action now existing to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation. ’ ’ The court held that the constitutional amendment did not operate retroactively and hence did not affect causes of action which had accrued before it went into effect but were prosecuted thereafter.
However, in the case of Smith, Admx., v. Metropolitan St. Ry. Co., 15 Misc., 158, 35 N. Y. Supp., 1062, the court held that in an action for wrongful death, the death, and not the injury from which the death resulted, gives rise to the cause of action; and that, where the death occurred after the Constitution of New York of 1895 had removed the limitation on the amount recoverable, an action predicated on such cause was governed by the new constitutional provision, even though the injury from which the death resulted was sustained before the new provision went into effect.
In the opinion in that case the court said:
“The action is by an administratrix for the negligent killing of her intestate. It appears that the injury was sustained by the intestate on the 30th December, 1894, and that his death occurred on the 2d January, 1895. The question is whether the recovery be limited to $5,000, as by the law in force on the 30th *228 December, or be unlimited, by virtue of the Constitution of 1895. That Constitution went into effect the 1st January, 1895. The law limiting the recovery does not apply, because the cause of action did not accrue while that law was in operation. The cause of action is not the injury, but the death of the intestate; and that death occurred after the new Constitution went into effect. Had there been no death, there could have been no such action. The injury might have been the foundation of an action by the injured party, had he lived. These causes of action not only inhere in different parties, but proceed upon different grounds— one for a wrongful injury, the other for a wrongful killing. The latter is not a survival of the former on the death of the injured person, but is another and independent action, founded upon an event subsequent to the injury, and prosecuted by another plaintiff for the violation of a right appertaining to him, and not to the intestate. The death of the intestate being the ground of action, and occurring after the old law was abrogated by the new Constitution, there is no limit to the amount of recovery.” To the same effect, see Weber, Admx., v. Third Ave. Rd. Co., 12 App. Div., 512, 42 N. Y. Supp., 789, in which one judge dissented.
The exact question now before us has not heretofore been considered by this court. However, in the case of Industrial Commission v. Kamrath, 118 Ohio St., 1, 160 N. E., 470, involving the applicability of a rate of compensation which became effective after the death of the employee, this court denying such applicability said:
“2. The provisions of the General Code relating to compensation of injured employees or the dependents of killed employees in force at the time the cause of action accrues are the measure of the right of such employees and dependents to participate in the State Insurance Fund.

*229
a* * *

“4. The cause of action of a dependent of a killed employee accrues at the time the employee dies from an injury received in the course of his employment.” (Italics supplied.)
In the course of the opinion in that case, Judge Robinson said:
“The statutory law in force upon the date the cause of action accrues is the measure of the right, and is not subject to enlargement or diminishment by the Industrial Commission or the courts at any time, nor by the Legislature itself subsequent to the accrual of the right.”
In the later case of State, ex rel. Slaughter, v. Industrial Commission, 132 Ohio St., 537, 9 N. E. (2d), 505, this court expressly held:
“1. When a ‘relief worker,’ employed for a wage by one of the political subdivisions of the state, dies as a result of an accidental injury sustained in the course of his employment, any right of his dependents to compensation therefor must be measured by the applicable statutes in force at the time of hi's death. (Industrial Commission v. McWhorter, 129 Ohio St., 40, and Industrial Commission v. Kamrath, 118 Ohio St., 1, approved and followed.) ”
In the Slaughter case last cited, Judge Zimmerman quoted as follows from 28 Ruling Case Law, 715, Section 5:
“ * * since the claim of a dependent accrues at the death of the workman, an amendment enacted after the injury but before the death applies to such claim.
In 42 Ohio Jurisprudence, 597, Section 22, it is said:
“While the right to both disability and death benefits under the workmen’s compensation law has its source in the injury or disease from which such disability or death results, and liability for the payment of both disability and death benefits is fixed and determined as *230 of the time of the occurrence of the injury or the inception of the disease, the measure of the right to compensation is the law in force at the time the cause of action accrues; namely, at the time of the injury‘in disability cases, and at the time of death in death cases.”
The right to compensation conferred by statute upon the surviving dependents of a deceased employee, on account of his death, is ordinarily treated as separate and distinct from the right to compensation vested in such employee by reason of the injury. 58 American Jurisprudence, 688, Section 167, citing Industrial Commission v. Davis, 126 Ohio St., 593, 186 N. E., 505, 88 A. L. R., 1175; International Mercantile Marine Co. v. Lowe, 93 F. (2d), 663, 115 A. L. R., 896.
The question here involved has been considered in other jurisdictions, and the cases generally hold that where the statute vests in the dependents or survivors of a deceased employee a new and independent right to compensation on account of his death, the amount recoverable is governed by the law in force at the time of death. See State,-ex rel. Carlson, v. District Court, 131 Minn., 96, 154 N. W., 661; Warner v. Zaiser, 184 Minn., 598, 239 N. W., 761; Donoho v. Atlantic Basin Iron Works, 210 App. Div., 535, 206 N. Y. Supp., 494.
In the case of Peterson v. Federal Mining & Smelting Co., 67 Idaho, 111, 170 P. (2d), 611, it is stated as follows in the syllabus :
‘ ‘ The 1945 amendment to Occupational Disease Compensation Law, increasing maximum recovery thereunder, is not retroactive and unconstitutional as applied to claim for employee’s death from silicosis after effective date of amendment, so that claimant was entitled to increased compensation thereunder though employee contracted such disease because of his employment before such date.
“The provisions of Workmen’s Compensation Law do not become fixed as to interested parties when em *231 ployment begins, but parties’ obligations and rights as to weekly compensation and other benefits to employee become fixed at date of compensable accident and benefits and liabilities arising because of employee’s death become fixed at time of death, so that Legislature may change scale of benefits before accident or death, but may not change rates of compensation after event fixing parties’ rights under law in force at time thereof.”
The Supreme Court of Idaho in that case said:
“Any right which claimant might have to participate in the compensation provided for under the Workmen’s Compensation Law because of death did not arise during deceased’s lifetime. The Legislature had power prior to his death to create a future right which would accrue to his dependents in the event of death, notwithstanding the fact that the disease was contracted by reason of his employment and prior to the amendment of Section 43-2119 (amendment increasing-death benefits), supra, and ultimately resulted in his death, death giving life to the right provided by the amendment. Frida Peterson’s (widow-claimant) claim did not arise nor her rights become fixed until the death of her husband, at which time the amendment was in effect. ’ ’
In the instant case, the relator relies on the cases of Fisher v. Ohio Malleable Iron Co., 127 Ohio St., 321, 188 N. E., 512; State, ex rel. Efford, v. Industrial Commission, 151 Ohio St., 109, 84 N. E. (2d), 493; State, ex rel. Marion Power Shovel Co., v. Industrial Commission, 153 Ohio St., 451, 92 N. E. (2d), 14; and State, ex rel. Bessler, v. Industrial Commission, 157 Ohio St., 297, 105 N. E. (2d), 264. The exact question here involved was not before the court in any of those cases. In each of them, it was recognized that the basis of a death award is the injury, but that the right to such award accrues at the date of death. In the Efford and Bessler cases, supra, it was recognized that death bene *232 fits to dependents is a creature of statute and may be cut off or barred before the death of the decedent from an occupational disease. None of the substantive or procedural difficulties present in those cases are here involved.
In the instant case, the decedent suffered total permanent disability through occupational disease as a result of his employment, which disability continued until the date of his death and caused his death. He was eligible to receive and did receive compensation to the date of his death. No statute of limitation barred his claim or that of his widow before his death. Therefore, the statutes in effect at the time of decedent’s death apply, and his widow is entitled to the increases fixed by the amended statutes.
The writ of mandamus is denied.

Writ denied.

Weygandt, C. J., Taet and Zimmerman, J J., concur.
Stewart, J., concurs specially.
Middleton, J., dissents.
Lamneck, J., not participating.