Per Curiam.

The right of an injured employee to compensation and medical benefits under the Workmen’s Compensation Act is governed strictly by the provisions of that act and may not be changed by the Industrial Commission or even by the General Assembly subsequent to the accrual of the right. The right to payment for medical and hospital expenses is a substantive right, measured by the provisions of the act in force at the time the cause of action accrues, which is the time the injury is received. Industrial Commission v. Kamrath, 118 Ohio St., 1, 160 N. E., 470; State, ex rel. Schmersal, v. Industrial Commission, 142 Ohio St., 477, 52 N. E. (2d), 863. The cause of action is the right to participate in the State Insurance Fund, *368 or the right to receive benefits payable by a self-insnring employer.
The amendment of Section 1465-89, General Code, by which the requirement of “unanimous approval” by the members of the commission for the payment of additional medical and hospital expenses was eliminated, is prospective in effect; not retroactive, as claimed by relator. State, ex rel. Bessler, v. Industrial Commission, 157 Ohio St., 297, 105 N. E. (2d), 264.
Since the right is substantive, and the statute in effect when relator’s cause of action arose required the unanimous approval of the commission for the payment of such additional expenses, relator is not entitled to the relief sought.
Another reason for denying relator the relief sought is that his action was commenced on June 22, 1949, by the filing of his original application for compensation and was a pending action when the amendment of Section 1465-89, General Code, above referred to, was passed, and the amendment does not expressly provide that it shall apply to pending actions. Section 26, General Code (Section 1.20, Revised Code); State, ex rel. Thompson, v. Industrial Commission, 138 Ohio St., 439, 35 N. E. (2d), 727.
Relator urges further that, even though the unanimous action of the commission is required to make its order effective, the failure of the commission to act unanimously in favor of the allowance for additional benefits constituted an abuse of discretion. This court does not agree with that contention.
The opinion in the case of State, ex rel. Ramsey, v. Industrial Commission, 140 Ohio St., 246, 248, 42 N. E. (2d), 981, reads in part as follows:
“Analyzing Section 1465-89, General Code, it authorizes the commission, in its discretion and presumably by a majority vote, to disburse the sum of $200 for the medical expenses incurred by a disabled employee. In unusual cases and when necessary the commission is empowered to expend a larger sum for medical attention, but this can be done only by the unanimous vote of the members of the commission and upon a finding of facts which must be made a part of the minutes.
“It will thus be seen that the disbursement of moneys from the State Insurance Fund for medical expenses lies within the sound discretion of the commission. * * *
*369 “While it is well established that in a mandamus action the proper court may compel the exercise of discretion by a body like the Industrial Commission, it is equally well settled that such discretion may not be controlled or limited by a writ of mandamus unless an abuse is clearly apparent.”
This court is of the opinion that, in the instant case, the commission did hot abuse its discretion.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, J J., concur.