[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ohio Presbyterian Retirement Servs., Inc. v. Indus. Comm.*, Slip Opinion No. 2017-Ohio-7577.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-7577

THE STATE EX REL. OHIO PRESBYTERIAN RETIREMENT SERVICES, INC.,

APPELLANT, *v*. INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ohio Presbyterian Retirement Servs., Inc. v. Indus. Comm.*, Slip Opinion No. 2017-Ohio-7577.]

*Workers' compensation—Industrial Commission does not have authority to award permanent-partial-disability compensation under R.C. 4123.57(A) to an injured worker who is receiving permanent-total-disability compensation pursuant to R.C. 4123.58 in the same claim—Court of appeals' judgment reversed and writ granted.*

(No. 2015-1074—Submitted June 7, 2017—Decided September 14, 2017.)

APPEAL from the Court of Appeals for Franklin County, No. 14AP-624, 2015-Ohio-2122.

ON MOTION FOR RECONSIDERATION.

_____

**KENNEDY, J.**

{¶ 1} In *State ex rel. Ohio Presbyterian Retirement Servs., Inc. v. Indus. Comm.*, 150 Ohio St.3d 102, 2016-Ohio-8024, 79 N.E.3d 522 ("*Ohio Presbyterian I*"), we held that the Industrial Commission does not have authority to award an injured employee permanent-partial-disability compensation under R.C. 4123.57(A) when the employee has previously been determined to be entitled to permanent-total-disability compensation under R.C. 4123.58 for the same claim.

{¶ 2} This court has the authority to grant motions for reconsideration filed under S.Ct.Prac.R. 18.02 in order to "correct decisions which, upon reflection, are deemed to have been made in error." *State ex rel. Huebner v. W. Jefferson Village Council*, 75 Ohio St.3d 381, 383, 662 N.E.2d 339 (1995). Appellee Sherry L. Redwine moved this court to reconsider our holding in *Ohio Presbyterian I,* arguing that the commission has authority to award concurrent permanent-total-disability compensation under R.C. 4123.58 and permanent-partial-disability compensation under R.C. 4123.57(A) for different conditions within the same claim.

{¶ 3} We granted Redwine's motion, reopened the case for further consideration, and sua sponte ordered oral argument with no additional briefing. 147 Ohio St.3d 1480, 2016-Ohio-8492, 66 N.E.3d 766. Having heard oral argument and reconsidered the parties' arguments, we conclude that our holding in *Ohio Presbyterian I* was not made in error, and we adhere to it. When an injured employee is receiving permanent-total-disability compensation pursuant to R.C. 4123.58, the commission is without statutory authority to grant in the same claim permanent-partial-disability compensation under R.C. 4123.57(A). Therefore, we reverse the judgment of the court of appeals and issue a writ of mandamus ordering the commission to vacate its award to Redwine of permanent-partial-disability compensation under R.C. 4123.57(A) and to issue an order denying the award.

## I. Case Background

{¶ 4} On August 13, 2003, Redwine was injured at work. She filed a workers' compensation claim that was allowed for the following conditions: lumbosacral strain, radiculopathy right lower extremity, aggravation of pre-existing degenerative disc disease, depression, and ruptured disc at L4-5 with free disc fragment.

{¶ 5} Redwine applied for permanent-total-disability compensation. The commission concluded that Redwine was unable to perform any sustained remunerative employment due solely to the medical impairment caused by the allowed psychological condition in her claim and awarded her benefits beginning July 12, 2010, to continue until her death.

{¶ 6} In August 2013, Redwine applied for permanent-partial-disability compensation. She conceded that she was not entitled to permanent-partial-disability benefits for her psychological condition (for which she had been granted permanent-total-disability compensation), but she maintained that she was entitled to this award based on the physical conditions allowed in her claim.

{¶ 7} A district hearing officer denied her application based on a lack of statutory authority for concurrent awards under R.C. 4123.57(A) and 4123.58. In addition, the hearing officer noted that the physical and psychological conditions were the result of the same workplace injury and under *State ex rel. Murray v. Indus. Comm.*, 63 Ohio St.3d 473, 588 N.E.2d 855 (1992), a claimant is precluded from receiving simultaneous benefits for permanent partial disability and permanent total disability for the same injury.

{¶ 8} On reconsideration, a staff hearing officer concluded that a claimant is not barred from concurrent compensation for permanent partial disability if it is based on *conditions* that were *not* the basis for the prior finding of permanent total disability in the same claim. The hearing officer relied in part on the commission's analysis of the same issue in claim No. 02-354357 involving a different injured

employee. In that case, the commission determined that the analysis of concurrent awards focuses on an injured employee's allowed medical *conditions*, not the injury or claim, citing *State ex rel. Missik v. Youngstown*, 65 Ohio St.3d 189, 602 N.E.2d 633 (1992), and *State ex rel. Hoskins v. Indus. Comm.*, 87 Ohio St.3d 560, 722 N.E.2d 66 (2000).

**{¶ 9}** Redwine's employer, Ohio Presbyterian Retirement Services, Inc. ("OPRS"), filed a complaint for a writ of mandamus, alleging that there was no statutory authority for the commission's order and therefore it was not supported by some evidence. A magistrate determined that the writ should be denied. The magistrate relied on *State ex rel. Mosley v. Indus. Comm.*, 10th Dist. Franklin No. 13AP-127, 2014-Ohio-1710, and concluded that because the psychological condition formed the basis for the permanent-total-disability award, Redwine's physical conditions could be the basis of permanent-partial-disability compensation. The court of appeals adopted the magistrate's decision and denied the writ.

**{¶ 10}** OPRS filed a direct appeal in this court. We reversed the judgment of the court of appeals and granted the request for a writ of mandamus in *Ohio Presbyterian I*. Having granted reconsideration of that decision, we now turn to the propositions of law presented in OPRS's direct appeal: (1) "R.C. 4123.95's requirement of liberal construction in favor of employees does not allow a court to read into a statute something that cannot reasonably be implied from the language of the statute" and (2) "A claimant who is receiving permanent and total disability compensation under R.C. 4123.58 is ineligible to receive permanent partial disability compensation under R.C. 4123.57(A) in the same claim."

**{¶ 11}** In response, Redwine, asserts that "[t]he Industrial Commission does not abuse its discretion when finding that an injured worker is entitled to receive compensation for her percentage of permanent partial impairment

4

under R.C. 4123.57(A) for conditions that were not the basis for a prior award of permanent and total disability."

## II. Analysis

### A. Standard of Review

{¶ 12} It is well settled that the commission is responsible for making factual findings. *State ex rel. Cordell v. Pallet Cos., Inc.*, 149 Ohio St.3d 483, 2016-Ohio-8446, 75 N.E.3d 1230, ¶ 19. Such findings will be disturbed only if the commission abuses its discretion, which occurs only if there is not "some" evidence to support the finding. *Id.* However, in this case we are not concerned with factual findings, but rather with the commission's interpretation of the workers' compensation statutes.

{¶ 13} If the commission misinterprets a statute, this court may issue a writ of mandamus to compel the commission to correct its erroneous interpretation. *See State ex rel. Gassmann v. Indus. Comm.*, 41 Ohio St.2d 64, 65, 322 N.E.2d 660 (1975) ("A mandatory writ may issue against the Industrial Commission if the commission has incorrectly interpreted Ohio law"), citing *State ex rel. Breidigan v. Indus. Comm.*, 43 N.E.2d 114 (2d Dist.1942) (mandamus may issue against the commission in situations other than those involving an abuse of discretion, such as when the commission failed to follow the law or incorrectly interpreted the law).

### B. Statutes at Issue

{¶ 14} There are two types of workers' compensation benefits at issue in this case: (1) permanent-partial-disability compensation under R.C. 4123.57 and (2) permanent-total-disability compensation under R.C. 4123.58.

#### 1. R.C. 4123.57—Permanent-Partial-Disability Compensation

{¶ 15} R.C. 4123.57 authorizes the commission to pay permanent-partial-disability compensation to an employee who has suffered a "permanent partial disability resulting from an injury or occupational disease." This compensation "is

intended to compensate injured [employees] who can still work." *State ex rel. Kaska v. Indus. Comm.*, 63 Ohio St.3d 743, 746, 591 N.E.2d 235 (1992).

{¶ 16} There are two types of permanent-partial-disability compensation: compensation for a scheduled loss pursuant to R.C. 4123.57(B), which is not the type of compensation at issue here, and compensation based on the percentage of permanent disability pursuant to R.C. 4123.57(A), which is the type of compensation at issue here. For compensation under R.C. 4123.57(A), a district hearing officer determines the percentage of the employee's permanent disability based on the evidence submitted at a hearing and the amount of compensation is calculated based on the employee's weekly wages.

### 2. R.C. 4123.58—Permanent-Total-Disability Compensation

{¶ 17} Permanent-total-disability compensation is also calculated based on the employee's weekly wages. R.C. 4123.58(A). The purpose of permanent-total-disability benefits is "to compensate an injured worker for impairment of earning capacity," Ohio Adm.Code 4121-3-34(B)(1), and the benefits are paid until the employee's death, R.C. 4123.58(A).

{¶ 18} Like permanent-partial-disability compensation, permanent-total-disability compensation is also broken down into two categories: compensation for a loss of two body parts, R.C. 4123.58(C)(1), which is not the type of compensation at issue here, and compensation for a workplace injury that prevents the worker from "engaging in sustained remunerative employment," R.C. 4123.58(C)(2), which is the type of compensation at issue here.

### C. Law

{¶ 19} In construing a statute, a court's main objective is to determine and give effect to the legislative intent. *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees*, 72 Ohio St.3d 62, 65, 647 N.E.2d 486 (1995). The intent of the General Assembly must be determined primarily from the language of the statute itself. *Stewart v. Trumbull Cty. Bd. of Elections*, 34 Ohio

St.2d 129, 130, 296 N.E.2d 676 (1973). When a statute is unambiguous, we apply it as written. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996).

{¶ 20} Along with these rules of statutory construction, we are mindful of the General Assembly's mandate that the workers' compensation laws be liberally construed in favor of employees. R.C. 4123.95.

> A liberal construction has been defined as giving "generously all that the statute authorizes," and "adopting the most comprehensive meaning of the statutory terms in order to accomplish the aims of the Act and to advance its purpose, with all reasonable doubts resolved in favor of the applicability of the statute to the particular case. Interpretation and construction should not result in a decision so technical or narrow as to defeat the compensatory objective of the Act."

*Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 40, 741 N.E.2d 121 (2001), quoting Fulton, *Ohio Workers' Compensation Law*, Section 1.7, 9 (2d Ed.1998). That mandate does not, however, give a reviewing court authority to rewrite the statute, *Armstrong v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 2013-Ohio-2237, 990 N.E.2d 568, ¶ 13, citing *Kilgore v. Chrysler Corp.*, 92 Ohio St.3d 184, 189, 749 N.E.2d 267 (2001) (Moyer, C.J., dissenting).

{¶ 21} With these principles in mind, we turn to OPRS's propositions of law. We agree with its first proposition of law that R.C. 4123.95 requires the court to liberally construe the workers' compensation laws in favor of employees but that the mandate does not grant us the authority to read words out of or into a statute.

**{¶ 22}** OPRS's remaining proposition of law is the crux of the controversy, and after construing the statutes in favor of Redwine, we must decide whether the commission has authority to grant in the same claim concurrent awards of permanent-partial-disability compensation under R.C. 4123.57(A) and permanent-total-disability compensation under R.C. 4123.58. We hold that it does not.

**{¶ 23}** The language of R.C. 4123.57(A) and 4123.58 is plain and unambiguous. Therefore, we apply the language of the statutes as written.

**{¶ 24}** R.C. 4123.57(A) and 4123.58 are devoid of any language authorizing the commission to award permanent-partial-disability compensation under R.C. 4123.57(A) in the same claim for which an injured worker is receiving permanent-total-disability compensation under R.C. 4123.58. The only references to concurrent payments are found in R.C. 4123.57(C) and 4123.58(E).

**{¶ 25}** Although not at issue here, R.C. 4123.57(C) is nevertheless illustrative of the fact that the General Assembly knows how to authorize the commission to grant concurrent payments. R.C. 4123.57(C) specifically authorizes the commission to award permanent-partial-disability compensation under divisions (A) and (B) of R.C. 4123.57 in addition to any compensation paid to an injured employee pursuant to R.C. 4123.56 (temporary-disability compensation). And R.C. 4123.58(E) specifically authorizes the commission to award scheduled loss benefits pursuant to R.C. 4123.57(B) in the same claim for which the injured worker is receiving permanent-total-disability compensation under R.C. 4123.58.

**{¶ 26}** The commission argues that because the statutes do not specifically prohibit concurrent payments under R.C. 4123.58 and 4123.57(A) in the same claim, a liberal construction of the statutes in favor of the injured worker gives the commission the authority to award concurrent payments. However, this argument runs afoul of our case law that holds that an injured employee has a right to recover workers' compensation benefits only as specifically allowed by statute. *Indus.*

*Comm. v. Kamrath*, 118 Ohio St. 1, 160 N.E. 470 (1928), paragraph one of the syllabus.

{¶ 27} Here, the General Assembly expressly authorized permanent-total-disability compensation to be paid concurrently with other benefits only in the limited circumstances outlined in R.C. 4123.58(E). Had the legislature intended to allow an injured worker receiving permanent-total-disability compensation under R.C. 4123.58 to also receive in the same claim concurrent permanent-partial-disability compensation pursuant to R.C. 4123.57(A), it could easily have included that language in the statutes.

{¶ 28} The commission argues that the silence of the statutes on the issue of concurrent payments under R.C. 4123.57(A) and 4123.58 creates an ambiguity that must be decided in the worker's favor. But under the statutory-construction maxim expressio unius est exclusio alterius (the express inclusion of one thing implies the exclusion of the other), the express reference to division (B) of R.C. 4123.57 in R.C. 4123.58(E) but not to division (A) of R.C. 4123.57 indicates that the omission of division (A) was intentional.

> In determining rights arising by force and out of Workmen's Compensation Law it is well to remember that the duties of the Industrial Commission and its obligation to injured employees * * * are only such duties and obligations as are imposed by statute; that the rights of injured employees * * * to recover from or participate in the state insurance fund are neither constitutional rights, inherent rights, nor common law rights, but are wholly statutory; * * * that if the right to participate in the fund be not found in the Workmen's Compensation Law itself, the right does not exist. * * *
>
> * * *

> [And t]he power of a court upon appeal is not different
> from the power of the administrators of the fund * * *. The
> statutory law in force upon the date the cause of action accrues is
> the measure of the right, and is not subject to enlargement or
> diminishment by the Industrial Commission or the courts at any
> time * * *.

*Kamrath*, 118 Ohio St. at 3-4, 160 N.E. 470.

### III. Conclusion

{¶ 29} When an injured employee has previously been determined to be entitled to permanent-total-disability compensation pursuant to R.C. 4123.58, the commission does not have statutory authority to grant in the same claim a permanent-partial-disability award pursuant to R.C. 4123.57(A). Therefore, we reverse the judgment of the court of appeals and issue a writ of mandamus ordering the commission to vacate its award of permanent-partial-disability compensation to Redwine under R.C. 4123.57(A) and to issue an order denying the award.

Judgment reversed<br>and writ granted.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'NEILL, J., dissents.

_____

Vorys, Sater, Seymour & Pease, L.L.P., and Rosemary D. Welsh, for appellant.

Michael DeWine, Attorney General, and Andrew Alatis, Assistant Attorney General, for appellee Industrial Commission.

Robert A. Muehleisen, for appellee Sherry L. Redwine.

Philip J. Fulton Law Office, Philip J. Fulton, and Chelsea Fulton Rubin, urging affirmance for amici curiae Ohio Association of Claimants' Counsel and Ohio Association for Justice.

Vorys, Sater, Seymour & Pease, L.L.P., and Robert A. Minor, urging reversal for amicus curiae Ohio Self-Insurers Association.

Garvin & Hickey, L.L.C., Preston J. Garvin, and Michael J. Hickey, urging reversal for amicus curiae Ohio Chamber of Commerce.

_____